[Civ. No. 9231.   Fourth Dist., Div. Two.   July 28, 1969.]

JOAN ARCHIBALD, Plaintiff and Appellant, v. EDWARD BRAVERMAN et al., Defendants and Respondents.

Hennigan, Butterwick, Haning & Duda and Zerne P. Haning III for Plaintiff and Appellant.

Kinkle, Rodiger, Graf, Dewberry & Spriggs for Defendants and Respondents.

KERRIGAN, Acting P. J.—In February 1968 a summary judgment was granted the defendants on the basis that plaintiff could not recover for mental illness and emotional shock sustained when she witnessed the severe injuries experienced by her son immediately after an explosion. (*Amaya* v. *Home Ice, Fuel & Supply Co.*, 59 Cal.2d 295 [29 Cal.Rptr. 33, 379 P.2d 513].) Plaintiff promptly appealed. In June 1968, the Supreme Court overruled *Amaya, supra,* and determined that a mother is entitled to recover for physical injuries resulting from emotional trauma in witnessing the tortious infliction of death or injury to her child. (*Dillon* v. *Legg*, 68 Cal.2d 728 [69 Cal. Rptr. 72, 441 P.2d 912].)

The material allegations of plaintiff's complaint may be summarized as follows: At 12:40 p.m. on the 21st day of March, 1965, the plaintiff's son, Robert, aged 13 years, visited defendants' Palm Springs property at the defendants' invitation for the purpose of doing business thereon; that at said time and place the defendants ". . . negligently packaged, stored, managed, maintained, controlled, sold and delivered a . . . quantity of *explosive material [gunpowder]. . . .*" to the boy; at said time and place the material exploded; as a result of the explosion, the boy sustained serious personal

injuries causing traumatic amputation of the right hand, the right wrist, and a portion of his right forearm, traumatic amputation of a portion of his left hand, severe lacerations of his body, a grave injury of the right eye, and loss of copious amounts of blood; that within moments of the actual explosion, the plaintiff appeared at the scene in an effort to render aid to her son; upon observing her son's injuries, she suffered severe fright, shock, and mental illness requiring institutionalization.

. Defendants' answer to plaintiff's complaint denied the allegations of liability and set up affirmative defenses of contributory negligence, assumption of risk, and failure to state a cause of action.

Following the filing of the answer, the defendants submitted a motion for summary judgment, supported by an affidavit of defense counsel. The affidavit contained the following averments: The plaintiff and her son filed separate actions arising from the explosion of a vial of gun powder purchased by the boy from the son of the defendants; the minor's action was for personal injuries sustained by him in the explosion; in the instant action, the mother sought to recover damages for the emotional distress sustained by her after the explosion when she arrived at the scene and observed her son's condition; the mother had admitted in pretrial discovery proceedings that she had not witnessed the explosion; consequently, her absence from the scene at the time of the tortious event precluded recovery by her.

The issue on appeal is whether a mother is entitled to recover damages for mental and emotional illness requiring institutionalization as a result of witnessing the tortious injuries to her minor child when she did not actually witness the tort but viewed the child's injuries within moments after the occurrence of the injury-producing event.

█ Recovery of damages for emotional shock resulting in physical injury depends on whether defendant owes plaintiff a duty of due care; the primary factor in determining such a duty is the reasonable foreseeability of plaintiff's injury; in resolving the foreseeability issue, the following factors must be considered: (1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it. (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence.

(3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship. (*Dillon* v. *Legg, supra,* 68 Cal. 2d 728, 740-741.)

█ Applying the foregoing criteria to the pleadings in the case under review, the "relationship" factor was indisputably established inasmuch as the plaintiff and the accident victim are mother and son.

While the complaint does not reflect where the plaintiff was when she received word of the tragedy, she appeared at the scene within moments after its occurrence. █ A tortfeasor who causes injury to a child may reasonably expect that the mother will not be far distant and will, upon witnessing the event, suffer emotional trauma. (*Dillon* v. *Legg, supra,* 68 Cal.2d 728, 741.) █ Consequently, the mother, having witnessed the injuries within moments after the explosion at a time when she was attempting to render aid, fulfilled the "nearness" requirement in terms of distance as well as time.

The issue then arises whether the "observance" factor requires that the plaintiff witness the tortious act. █ A plaintiff claiming damages for emotional trauma as a result of injury to a third party must either be present at the time of the accident (*Dillon* v. *Legg, supra,* 68 Cal.2d 728, 740-741) or the shock sustained by the plaintiff must be fairly contemporaneous with the accident rather than follow when the plaintiff is informed of the whole matter at a later date. (Prosser, Law of Torts (3d ed. 1964) p. 354.) █ Manifestly, the shock of seeing a child severely injured immediately after the tortious event may be just as profound as that experienced in witnessing the accident itself. Consequently, the shock sustained by the mother herein was "contemporaneous" with the explosion so as to satisfy the "observance" factor.

It is finally maintained that allowing recovery here would open the gates to a volume of claims impossible for the courts to handle. The same argument has been advanced before (*Dillon* v. *Legg, supra,* 68 Cal.2d 728, 743), and rejected. The activity of selling gunpowder to a minor is unlawful (Health & Saf. Code, § 12082) and is undoubtedly a rare occurrence. In actuality, the sustaining of physical injury occurring as a result of fear for another is likewise uncommon; in trespass and nuisance actions where recovery is allowed even without proof of physical injury, the cases have been few and recovery small; in jurisdictions which allow recovery for injury resulting from fear for another if plaintiff was within the "zone of

danger'' or ''zone of impact,'' the volume of litigation has been slight. (See Note, 15 Stan.L.Rev. 740, 749.)

The judgment is reversed.

Tamura, J., and Gardner, J. pro tem.,* concurred.

Respondents' petition for a hearing by the Supreme Court was denied September 24, 1969. McComb, J., was of the opinion that the petition should be granted.

*Assigned by the Chairman of the Judicial Council.