[Civ. No. 36532. Second Dist., Div. Three. Mar. 24, 1971.]

RITA I. DEBOE, Plaintiff and Appellant, v.
NORMA E. HORN, Defendant and Respondent.

222

COUNSEL

Hodge & Martin, Hodge, Hodges & Martin and Laurence H. Martin for Plaintiff and Appellant.

Gilbert, Thompson, Kelly, Crowley & Jennett, Everett W. Thompson and Jean Wunderlich for Defendant and Respondent.

OPINION

SCHWEITZER, Acting P. J.—

### Facts

Action for damages for personal injuries arising out of an automobile accident. The first cause of action pertains to the plaintiff-husband, allegedly injured in the accident, and is not before us on this appeal. In the second cause of action, plaintiff-wife alleges in part: "As a direct and proximate result of said negligence and carelessness of the defendants, and each of them, plaintiff suffered and continues to suffer profound shock to her nervous system, mental suffering and emotional distress, resulting in her physical injury, including, but not limited to, shock to her nervous cardiovascular systems, all to her damage in the sum of $500,000."

Defendant Horn demurred to the second cause of action on the grounds that it does not state facts sufficient to constitute a cause of action, and

that it is uncertain in "that it cannot be told therefrom or from any part thereof, the physical location of plaintiff Rita I. Deboe at the time of the accident, and whether she witnessed said accident, or was in the general area, or that her knowledge of said accident was conveyed to her by some third party."

The memorandum of points and authorities filed by counsel for plaintiff-wife in the trial court in opposition to the demurrer states in part: "The second cause of action of the complaint does not allege that the . . . [wife] witnessed the injuries to her husband. In fact, *she was not a witness to the accident and was advised of its occurrence by others.* In response to the solicitation of counsel for the demurring defendant, a stipulation to this effect, for the purposes of this demurrer, will be made at the hearing. However, in view of the actual holding in *Dillon* vs. *Legg* . . . [68 Cal.2d 728 (69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316)], it is submitted that such fact does not preclude the . . . [wife], as a matter of law, from asserting a claim for such damages." (Italics added.)

The record before us does not set forth what, if any, stipulation was entered at the time of the hearing on the demurrer. The demurrer was sustained without leave to amend, the judgment reciting that plaintiff-wife did not request permission to amend her complaint.

The factual situation upon which plaintiff-wife bases her cause of action is set forth in her brief on appeal: "Plaintiff . . . [husband] was extricated from his automobile and immediately rushed to the nearest hospital. As is customary, his wife [appellant] was summoned to the emergency room at the hospital, where she observed and was told her husband was totally paralyzed." From the record we assume that these facts were brought to the attention of the trial court.

On appeal plaintiff-wife contends that a general allegation of negligence resulting in injury is sufficient to state a cause of action, since the foreseeable result of negligence may consist not only of physical injury but also in emotional injury to a person not directly connected with the tortious conduct. Defendant argues that a specific allegation of the circumstances giving rise to an emotional disturbance must be pleaded as an essential element of such cause of action.

It was stated in *Dillon* v. *Legg, supra,* 68 Cal.2d 728, 730 (a 4 to 3 decision): "That the courts should allow recovery to a mother who suffers emotional trauma and physical injury *from witnessing* the infliction of death or injury to her child for which the tortfeasor is liable in negligence. . . ." (Italics added.) This principle was extended in *Archibald* v. *Braverman,* 275 Cal.App.2d 253, 255 [79 Cal.Rptr. 723] (hg. den.) to a situation where the mother of a child injured "did not actually witness the tort *but*

*viewed the child's injuries within moments* after the occurrence of the injury-producing event." (Italics added.)

We note in *Dillon* v. *Legg, supra,* 68 Cal.2d 728, 731, that there were allegations in the complaint that the mother and a sister of the injured child were "in close proximity to the . . . collision *and personally witnessed* said collision" as a result of which each "sustained great emotional disturbance and shock" (italics added), and in *Archibald* v. *Braverman, supra,* 275 Cal.App.2d 253, 255, that the complaint stated that *"within moments* . . . the plaintiff appeared at the scene in an effort to render aid to her son; upon observing her son's injuries she suffered severe fright, shock, and mental illness requiring institutionalization." (Italics added.) We also note in *Dillon, supra,* the following language: "[W]e deal here with a case in which plaintiff suffered a shock which resulted in physical injury. . . . [I]n such a case, whether defendant should reasonably foresee the injury to plaintiff, or . . . whether defendant owes plaintiff a duty of due care, the courts will take into account such factors as the following: (1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance from it. (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence. (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship." (Pp. 740-741.) The court continued: "[T]he presence of all of the above factors indicates that plaintiff has alleged a sufficient prima facie case. . . . We are not now called upon to decide whether, in the absence or reduced weight of some of the above factors, we would conclude that the accident and injury were not reasonably foreseeable and that therefore defendant owed no duty of due care to plaintiff. In future cases the courts will draw lines of demarcation upon facts more subtle than the compelling ones alleged in the complaint before us." (P. 741.)

From the foregoing we conclude that facts giving rise to a cause of action for injuries resulting from emotional distress must be specifically pleaded. Since plaintiff-wife failed to do so here, the demurrer was properly sustained. It appears that if she had alleged the facts set forth in her brief on appeal, no liability would exist as a matter of substantive law. Under such circumstances the demurrer was properly sustained without leave to amend.

Judgment of dismissal is affirmed.

Cobey, J., and Allport, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 19, 1971.