JUDY McGOVERN ET AL. v. DONNA PICCOLO

SUPERIOR COURT     FAIRFIELD COUNTY     FILE NO. 161224
AT BRIDGEPORT

Memorandum filed November 23, 1976

*Schless, Sagarin, Neigher & Simon,* for the plaintiffs.

*Snow Gene Munford,* for the defendant.

STAPLETON, J. In the complaint the plaintiff alleges that the defendant negligently drove her automobile onto the sidewalk in front of the plaintiff's residence and that she thereby struck and killed the plaintiff's four-and-one-half-year-old son.

In the first count the plaintiff, as administratrix of the decedent's estate, sues for wrongful death, and the demurrer raises no question as to the legal sufficiency of that cause of action.

In the second count the plaintiff sues individually, alleging that at the time of the accident she was "in her home in front of which and on the property of which" the decedent was struck by the defendant. The plaintiff further alleges that she "immediately observed" the "injuries and the death" of her son and that as a result of the defendant's actions she suffered mental pain and anguish. There is no allegation that the plaintiff saw or observed the accident itself or that the automobile struck the plaintiff's residence. Even if the court construes the allegations of the second count in the manner most favorable to the plaintiff, as it must do, there is no basis in the allegations for a conclusion that the plaintiff was within the range of ordinary physical danger from the force of the collision. While the complaint does contain an allegation that the plaintiff suffered a "trauma," it is apparent from the other allegations of the second count that it was an emotional rather than a physical one.

The defendant demurs to the second count on the ground that Connecticut law does not permit recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another. For reasons that will appear, the court agrees and sustains the demurrer.

For at least the past thirty-five years it has been clear in Connecticut that one may recover for negligently caused fright or shock even in the absence of bodily injuries if the claimant is within the range of ordinary physical danger from that negligence. *Orlo* v. *Connecticut Co.*, 128 Conn. 231, 239. In such a case, the injuries from fright or shock for which

the plaintiff, having been within the range of ordinary physical danger, may recover damages are, however, limited to those which would constitute proper elements of damage had he suffered a bodily injury. *Orlo* v. *Connecticut Co.*, supra.

In the present case the plaintiff seeks to recover for fright or shock caused, not by fear of injury to herself, but by injury or fear of injury to the person of another. The Connecticut Supreme Court has denied recovery to a mother for fright or shock owing to fear of threatened injury to her child in *Strazza* v. *McKittrick*, 146 Conn. 714. In so doing the court set forth (pp. 718–19) the following applicable principles: "She did suffer a fright or shock which was caused by fear of injury to herself. For harm of this nature she is entitled to recover damages . . . . But she cannot recover for injuries occasioned by fear of threatened harm or injury to the person or property of another. . . . Even where a plaintiff has suffered physical injury in the accident, there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another."

The plaintiff here would distinguish *Strazza* on the grounds that there the mother's fears were groundless, albeit perhaps reasonable under the circumstances, and that the child there was not in fact injured. Instead, the plaintiff would rely on the leading California case of *Dillon* v. *Legg,* 68 Cal. 2d 728, as followed by the Connecticut Superior Court in *D'Amicol* v. *Alvarez Shipping Co.,* 31 Conn. Sup. 164.

In *Dillon* the court set forth a new rule allowing a mother to recover for emotional shock, which resulted in physical injury, from witnessing the death of her child. In its opinion the court limited that rule to cases where the plaintiff was near the scene of the accident, where the emotional shock

resulted from actually witnessing the accident, as opposed to learning about it from others, and where the plaintiff was closely related to the victim. Even with those limitations, however, serious policy questions are raised by such a rule. The defendant in such a case is already liable in one tort action for wrongful death. Should that responsibility be broadened to include separate and additional liability to each and every close relative of the victim who happens to be on the scene of the accident or even to come upon the scene a short time later? The difficulty of holding to the limitations of the doctrine set forth in *Dillon* is well illustrated by a subsequent California case allowing recovery to a mother who came upon the scene of her child's injury after the accident had occurred. *Archibald* v. *Braverman*, 275 Cal. App. 2d 253.

The New York Court of Appeals expressly rejected the *Dillon* rule in *Tobin* v. *Grossman*, 24 N.Y.2d 609, as have most of the other courts which have considered it. *Owens* v. *Children's Memorial Hospital*, 480 F.2d 465 (8th Cir.); *Welsh* v. *Davis*, 307 F. Sup. 416 (D. Mont.); *Grimsby* v. *Samson*, 85 Wash. 2d 52. The language of the Connecticut Supreme Court as quoted above, if not the holding, in *Strazza* v. *McKittrick*, supra, also rejects the result in *Dillon* v. *Legg*, supra. And finally, it should be noted that the Superior Court in *Lessard* v. *Tarca*, 20 Conn. Sup. 295, held that a mother could not recover for shock and mental anguish in watching her child burn to death in an automobile accident even though she was in the vehicle at the time of the accident. It therefore appears to this court that Connecticut has not and does not follow the *Dillon* rule, the decision in *D'Amicol* v. *Alvarez Shipping Co.*, supra, to the contrary notwithstanding.

Moreover, even if *Dillon* and *D'Amicol* were followed here, the facts of this case, as pleaded, do not

fall within that rule. There is no allegation in the complaint that the plaintiff was at the scene of, or actually witnessed, the accident. The complaint says only that she was in the house when the accident occurred outside and that she "immediately observed" the "injuries and death" of her son. That does not satisfy the requirements of the rule in *Dillon* and *D'Amicol,* and this court rejects its further extension in *Archibald* v. *Braverman,* supra, for the mother who comes upon the scene shortly after the accident. There is no logical basis for such an extension. Where can the line reasonably be drawn if *Archibald* is accepted? A mother who sees her child suffer and die an hour, a day or even a week after an accident is no less traumatized than one who comes upon the scene "immediately" after an accident. And what of the woman who learns of her child's accidental death at some time and place distant from the scene of the accident or who learns of her cousin's death under like circumstances? Thus, even if *Dillon* v. *Legg,* supra, were followed here this cause of action would fail.

The demurrer to the second count is sustained.