[Civ. No. 43486. First Dist., Div. Two. June 1, 1978.]

VAUGHN ANDREW PARSONS et al., Petitioners, v.
THE SUPERIOR COURT OF MONTEREY COUNTY, Respondent;
MORGAN FLAGG et al., Real Parties in Interest.

508

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

**COUNSEL**

Holbrook, Van Noy & Lankes, Holbrook & Lankes and Richard E. Holbrook for Petitioners.

No appearance for Respondent.

Hoge, Fenton, Jones & Appel, Charles R. Keller and William E. Hammonds for Real Parties in Interest.

**OPINION**

**TAYLOR, P. J.**—Petitioners, defendants in an action for wrongful death and for physical injuries for emotional distress, moved for summary judgment on the second cause of action on the ground that real parties, plaintiffs in the action, did not state a cause of action for physical injuries for emotional distress in accordance with *Dillon* v. *Legg* (1968) 68 Cal.2d 728 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316]. Respondent court denied the motion. Petitioners seek mandate, contending that the motion should have been granted because the facts were undisputed and the law establishes their right to the relief which the court refused (*Whitney's at the Beach* v. *Superior Court* (1970) 3 Cal.App.3d 258, 265 [83 Cal.Rptr. 237]).

The facts disclosed in the affidavits are as follows: On November 26, 1976, real parties, Morgan Flagg and Claire Flagg, along with their three daughters and a son, attended a brunch in Carmel. Present at the brunch was petitioner, Vaughn Andrew Parsons, one of the defendants in this action. At the brunch, the deceased daughters, Lori Ruth Flagg and Kerri Louise Flagg, sought and obtained permission from their father to ride home with petitioner Parsons and thereafter left the brunch in an automobile driven by Parsons. Real parties, Morgan Flagg and Claire Flagg, accompanied by their remaining daughter, Mary Claire Flagg, and son, John Patrick Flagg, followed in the Flagg automobile.

Upon rounding a curve, real parties came upon the wreckage of the Parsons automobile, knowing instantly that their close family members were within and either dead or dying. The father left his car and reached the wreckage wherein lay his daughters before the dust had settled. In answer to interrogatories, he stated: "I don't know when the accident happened, since I didn't actually see the car go out of control and hit the pole, but it could not have been more than a few moments before we drove on the scene." It was admitted that real parties neither saw nor heard the accident take place.

In *Dillon* v. *Legg, supra,* 68 Cal.2d 728, the court upheld a cause of action for physical injuries flowing from a mother's emotional trauma in *witnessing* the death of her child. The court suggested that the cause of action should be sustained whenever the injury was reasonably foreseeable, "excluding the remote and unexpected" (p. 741). In order to limit the "otherwise potentially infinite liability" which might flow from every negligent act, the court listed the factors to be considered in determining reasonable foreseeability and whether the defendant owed the plaintiff a duty of due care. They are: "(1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it. (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence. (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship." (Pp. 740-741.)

Petitioners contend that the uncontradicted facts show that real parties arrived on the scene after the accident had happened and that since real parties neither saw nor heard any part of the accident take place, the *Dillon* requirement of a "direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident" has not been met.

Real parties contend that their cause of action is sustainable upon the authority of *Archibald* v. *Braverman* (1969) 275 Cal.App.2d 253 [79 Cal.Rptr. 723]. In *Archibald,* recovery under the *Dillon* rule was extended to a situation where the mother of a child injured in an explosion did not actually witness the tort but viewed the child's injuries *within moments* after the occurrence of the injury-producing event. *Archibald* has been cited in a number of cases. In the first, *Deboe* v. *Horn* (1971) 16 Cal.App.3d 221 [94 Cal.Rptr. 77], the court refused to extend recovery to

a wife, who did not witness the accident, but was advised of its occurrence by others and thereafter viewed her paralyzed husband in the emergency room of the hospital. In *Jansen* v. *Children's Hospital Medical Center* (1973) 31 Cal.App.3d 22 [106 Cal.Rptr. 883], the *Dillon* rule was held inapplicable to a situation where a mother witnessed her child's painful death in a hospital. Death was due to a negligent diagnosis. The court concluded that the "event causing injury to the child must itself be one which can be the subject of *sensory perception.*" (P. 24; italics added.) The court distinguished *Archibald,* noting that "There it can be inferred that the mother *heard* the explosion, thus having a 'sensory observance of it.' In any event, it is clear that even a lay person, viewing the gory result, necessarily reconstructed mentally the precise brief event itself, and in *Archibald,* did so substantially contemporaneously with that event." (Pp. 24-25; italics added.)

In *Krouse* v. *Graham* (1977) 19 Cal.3d 59, 76 [137 Cal.Rptr. 863, 562 P.2d 1022], the court confirmed "the propriety of the expression in *Archibald, supra,* that the *Dillon* requirement of 'sensory and contemporaneous observance of the accident' does not require a *visual* perception of the impact causing the death or injury." In that case, the court held that although the husband did not see his wife struck by defendant's automobile, he *fully perceived* the fact that she had been so struck "for he knew her position an instant before the impact, observed defendant's vehicle approach her at a high speed on a collision course, and realized that defendant's car must have struck her." The court held that under such circumstances, husband "must be deemed a *percipient witness* to the impact causing [wife's] catastrophic injuries." (Italics added.)

In *Arauz* v. *Gerhardt* (1977) 68 Cal.App.3d 937 [137 Cal.Rptr. 619], the court, after noting the *Krouse* statement that *visual* perception of the impact causing the death or injury was not essential, nevertheless concluded that "the clear implication of the discussion in *Krouse* is that some type of *sensory perception of the impact contemporaneous with the accident* is necessary to meet the *Dillon* requirement." (P. 949; italics added.) *Arauz,* at page 948, followed *Jansen, supra,* 31 Cal.App.3d 22, in distinguishing *Archibald, supra,* 275 Cal.App.2d 253, and denied recovery to a mother who arrived on the scene within five minutes of the actual collision which had injured her son, on the basis that she was not at the scene of the accident at the time of the impact and not near enough to the scene to have any sensory perception of the impact.

In *Justus* v. *Atchison* (1977) 19 Cal.3d 564 [139 Cal.Rptr. 97, 565 P.2d 122], the court, in considering the propriety of extending the *Dillon* rule to permit recovery to a father who had witnessed a childbirth which resulted in the death of the fetus, reviewed the cases which had denied and permitted recovery for physical injury caused by emotional distress. Although the court affirmed the viability of both *Arauz* and *Archibald,* again we have the implication that some type of sensory perception of the injury-producing event is necessary. That this is so is clear from the following statement: "These allegations admittedly state a closer case than the five above cited which denied recovery under *Dillon:* the present matter may be distinguished from *Jansen* in that each accident herein was a relatively sudden occurrence, and from *Deboe, Powers, Hair,* and *Arauz* in that each plaintiff was at the scene when the accident took place. But *Dillon* requires more than mere physical presence: as noted above, the shock must also result from a 'direct emotional impact' on the plaintiff caused by 'sensory and contemporaneous observance of the accident' (68 Cal.2d at p. 740). Here, although each plaintiff was in attendance at the death of the fetus, that event was by its very nature *hidden from his contemporaneous perception*: he could not *see* the injury to the victim as in *Mobaldi,* nor could he *otherwise sense* it as in *Archibald* or *Krouse.* To put it another way, he had been admitted to the theater but the drama was being played on a different stage" (p. 584; italics added).

*Nazaroff* v. *Superior Court* (1978) 80 Cal.App.3d 553 [145 Cal.Rptr. 657], the most recent case cited at oral argument, does not depart from the foregoing principles. In *Nazaroff,* a mother sought recovery for physical injuries resulting from her emotional distress at witnessing her three-year-old son being pulled from a swimming pool and in participating in unavailing attempts to fully revive him. The inference of auditory perception read into *Archibald, supra,* 275 Cal.App.2d 253, by the subsequently decided cases of *Jansen, supra,* 31 Cal.App.3d 22, *Arauz, supra,* 68 Cal.App.3d 937, and *Justus, supra,* is satisfied in *Nazaroff* by the mother's declaration that she missed her son and was searching for him in the neighborhood when she heard a cry from the neighbor's pool area, "It's Danny." She immediately sensed that Danny had fallen into the pool and was hurt. As she ran toward the pool, she saw him being pulled from the water. Despite efforts to revive him, he died three days later from the effects of near drowning. The mother filed the declaration of the physician who had attended the child to the effect that in a near drowning situation the trauma does not consist of a single event, but continues as an insult to the body until such time as adequate oxygenation has taken place to restore arterial blood gas and acid base levels. On evidence

conflicting as to the time and circumstances existing at the mother's arrival at the pool, the court found triable issues of fact, concluding that "We cannot say as a matter of law that the injuries resulting from the defendant's negligence were not still being experienced at the time the mother first observed her son" (p. 567).

■ The facts in this case show that the Flaggs were some indeterminate distance from the scene of the accident, behind the bend in the road, at the time the injury-producing event occurred, and that the Parsons automobile had already come to rest against the pole before such time as real parties rounded the curve in their own automobile and observed the wreckage. Because under these uncontradicted facts there has been no showing that real parties *saw, heard, or otherwise sensorily perceived* the injury-producing event, we conclude that real parties have not met the *Dillon* requirement of a "direct emotional impact upon [petitioners] from the sensory and contemporaneous observance of the accident," and that their cause of action for physical injuries for emotional distress may not be sustained. To conclude otherwise would beyond doubt result in the limitless liability which *Dillon* proscribes.

Since no triable issue as to any material fact remains, petitioners are entitled to summary judgment as a matter of law (Code Civ. Proc., § 437c). Let a writ of mandate issue directing respondent court to set aside its order and to enter an order granting petitioners' motion for summary judgment.

Kane, J., and Rouse, J., concurred.

A petition for a rehearing was denied June 30, 1978, and the petition of the real parties in interest for a hearing by the Supreme Court was denied July 27, 1978.