ANONYMOUS *v.* HOSPITAL ET AL. (1979–2)\*

SUPERIOR COURT

NORTON M. LEVINE, J. The plaintiffs are husband and wife. They have commenced a medical malpractice action against two defendants, a hospital and a physician. They alleged that the defendant physician performed a bilateral tubal ligation upon the plaintiff wife, at her request, in order to render her sterile. The writ also alleges that as a result of the negligence of the defendant physician, the plaintiff wife became pregnant and gave birth to a child.

Paragraph 14f of the plaintiffs' substitute complaint alleges that, as a result of the carelessness and negligence of the defendants, the plaintiff husband "suffered severe emotional stress and depression, during and after the pregnancy, eventually resulting in a serious psychiatric illness that necessitated his hospitalization, and he now suffers and shall continue to suffer in the future from severe emotional stress and depression."

---

\* Thus entitled, in view of the subject matter of the case.

Paragraph 14g of the substitute complaint alleges that the plaintiffs "have become obliged to assume the financial and emotional costs and responsibilities of rearing, caring for, supporting and maintaining their unplanned child, . . . and a consequent loss and diminution of their abilities to rear, care for, support and maintain their other minor children . . . ."

The defendants demur to paragraph 14f, claiming that it fails to state a cause of action in favor of the plaintiff husband for severe emotional stress and depression. They urge that Connecticut does not recognize a cause of action for emotional stress as a result of harm to a third party or where the complainant was not within the range of ordinary danger from the tortfeasor's negligence. The defendants also demur to paragraph 14g, claiming that it fails to state a cause of action in favor of the plaintiffs for the cost of rearing their third child, who was neither wanted nor planned.

The plaintiffs, in their supplemental memorandum, argue that the demurrer as filed is deficient in that it does not test the legal sufficiency of the cause of action in the substitute complaint. Rather, they claim that it challenges only the issue of damages sought. It is clear that the defendants are merely resisting the compensability of certain elements of the alleged harm, rather than attacking the entire substitute complaint as defective. Normally, a demurrer is not the proper means of raising this issue. The court, however, proposes to overlook technicalities in order to determine whether the plaintiffs are entitled to assert those items of damages against the defendants based on negligence. *Urban* v. *Hartford Gas Co.,* 139 Conn. 301, 304.

The court concludes that, as to paragraph 14f, no cause of action exists in favor of the plaintiff

husband for his "severe emotional stress and depression." Generally, in Connecticut, a plaintiff cannot recover damages for emotional distress, caused by witnessing an injury to another, even if the injured party is related to the plaintiff, since the plaintiff was not put in peril or fear of personal injury to himself. *Strazza* v. *McKittrick,* 146 Conn. 714, 719. Emotional distress is a proper element of damages only when it results from the breach of a duty to the particular plaintiff. *Lessard* v. *Tarca,* 20 Conn. Sup. 295, 298.

In *McGovern* v. *Piccolo,* 33 Conn. Sup. 225, 229, the court sustained the defendant's demurrer to the complaint. The court there held that the plaintiff mother could not recover for mental pain and anguish suffered as a result of observing the injuries and death of her young son when he was struck by a motor vehicle. In accord, *Fedukowski* v. *Fedukowski,* 18 Conn. Sup. 248, 253.

The substitute complaint does not contain any allegation that the plaintiff husband was a witness to any portion of the surgery performed by the defendant physician upon his wife. Therefore, his right to recover for emotional stress and depression is substantially weaker than the claims asserted in *Strazza, McGovern* and *Fedukowski,* where the plaintiffs personally observed the incidents involved.

The surgical procedure herein was personal to the wife. The alleged negligence of the defendants was a breach of the duty owed solely and exclusively to her, and not to her husband. Accordingly, the plaintiff husband is not entitled to recover damages for his claimed emotional stress and depression under the present circumstances.

The plaintiffs stress the recent Connecticut Supreme Court case of *Montinieri* v. *Southern New England Telephone Co.,* 175 Conn. 337, 345, which

contains a statement, by way of dicta, as follows: "[R]ecovery for unintentionally-caused emotional distress does not depend on proof of either an ensuing physical injury or a risk of harm from physical impact."

*Montinieri* involved a claim by the plaintiffs that a directory-assistance operator employed by the defendant had wrongfully disclosed the plaintiffs' address to a member of the public. The disclosure was made to a would-be bank robber, who held the plaintiffs hostage for about one hour in the hope of collecting ransom money for their release. A jury verdict for the defendant was affirmed on appeal.

*Montinieri,* however, is clearly distinguishable. Nothing in the facts or law therein purports to overrule the Connecticut authorities previously cited, which deny liability for injuries occasioned by fear of threatened harm or injury to the person or property of another. *Strazza* v. *McKittrick,* supra. Wright & FitzGerald, Connecticut Law of Torts (2d Ed.) § 173, p. 381. Further, *Montinieri* does not validate recovery for emotional distress when that distress does not result from a breach of duty to the particular plaintiff making a claim therefor.

Hence, the defendants' demurrer to the plaintiff husband's claim for damages for emotional stress and depression, as contained in paragraph 14f, is sustained.

The court finds that paragraph 14g states a valid claim in favor of the plaintiffs for the costs of raising their unplanned child.

In *Anonymous* v. *Hospital (1976–11),* 33 Conn. Sup. 125, the court overruled a demurrer to a malpractice complaint based on facts identical to the case at bar. The court in that case cited a California case, *Custodio* v. *Bauer,* 251 Cal. App. 2d 303,

which held that the costs of rearing a child were allowable as damages. In *Anonymous,* the court (pp. 128–29) concluded: "The safer course in situations similar to the present case would appear to be to allow the allegations of the complaint to stand and to permit the defendants to argue in mitigation of damages the satisfaction, joy, and companionship which normal parents receive in the rearing of a child and which make economic loss worthwhile. Although the specific ascertainment of damages in that area is difficult, that should not prevent their consideration by the trier of fact."

Certain public policy considerations to the contrary are argued by the defendants, as summarized in a Delaware case, *Coleman* v. *Garrison,* 349 A.2d 8, 13–14 (Del.), as follows: "[T]he value of a human life outweighs any 'damage' which might be said to follow from the fact of birth, and recovery on any such thesis would violate both our public policy and the law governing provable damages."

It must be stated that the reported cases throughout the United States are divided on this issue. In any event, the court concludes that the decision in *Anonymous* v. *Hospital (1976–11),* supra, is better reasoned and controlling herein. The issue of damages, if any, sustained by the plaintiffs, as alleged in paragraph 14g, should be resolved by the testimony at trial.

Therefore, the demurrer to the plaintiffs' claim relative to paragraph 14g of the substitute complaint is overruled.