Martha BURKE, Plaintiff,

v.

PAN AMERICAN WORLD AIRWAYS, INC., KLM Royal Dutch Airlines, and the Boeing Company, Defendants.

No. 78 Civ. 2035.

MDL No. 306.

United States District Court,
S. D. New York.

Feb. 19, 1980.

William A. Jennings, San Jose, Cal., for plaintiff.

Condon & Forsyth, New York City, for defendant KLM Dutch Airlines; Stephen J. Fearon, New York City, of counsel.

Townley & Updike, New York City, for defendant Boeing Company; John C. Sabetta, New York City, of counsel.

OPINION

ROBERT J. WARD, District Judge.

Defendants KLM Royal Dutch Airlines ("KLM") and The Boeing Company ("Boeing"), the sole remaining defendants,[1] move for summary judgment pursuant to Rule 56(b), Fed.R.Civ.P. Alternatively, defendants seek dismissal of the complaint pursuant to Rules 12(b)(6) and 12(h)(2), Fed.R. Civ.P. For the reasons hereinafter stated, the motions are granted and the complaint is dismissed.

Plaintiff Martha Burke ("Burke") is the surviving twin sister of Margaret Fox, a

---

1. Plaintiff's claim against defendant Pan American World Airways, Inc. was dismissed by order dated July 24, 1979. A judgment was entered in favor of said defendant on August 17, 1979.

passenger killed in the March 27, 1977 crash between a Pan American World Airways, Inc. ("Pan Am") Boeing 747 aircraft and a KLM 747 aircraft on the airport runway at Santa Cruz de Tenerife, Canary Islands, Spain. Burke sues not for the wrongful death of her sister,[2] but rather for her own physical and emotional injuries allegedly sustained while at home in California through "extrasensory empathy" at the time of her twin's death. Specifically, Burke alleges that shortly after she awakened on the morning of March 27, 1977 at her home in Fremont, California, she began to feel nervous and upset. She then purports to have felt, at the precise time of the Tenerife crash, a painful burning sensation inside her chest and abdomen, and sensations of being "split" and of emptiness "like a black hole" within her body. She alleges that she knew then that her twin sister, who was travelling abroad, had somehow died. An hour later, she heard that two airplanes had collided at the Tenerife airport. Later in the day, she heard that one of the planes was her sister's and that her sister was missing and presumed dead.

The standards this Court must apply to determine whether Burke's allegations state a cause of action cognizable under California law,[3] are set forth in *Dillon v. Legg*, 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912 (1968), and its progeny. E. g., *Hoyem v. Manhattan Beach City School District*, 22 Cal.3d 508, 150 Cal.Rptr. 1, 585 P.2d 851 (1978); *Justus v. Atchison*, 19 Cal.3d 564, 583, 139 Cal.Rptr. 97, 565 P.2d 122 (1977); *Krouse v. Graham*, 19 Cal.3d 59, 137 Cal.Rptr. 863, 562 P.2d 1022 (1977); *Austin v. Regents of Univ. of Cal.*, 89 Cal. App.3d 354, 152 Cal.Rptr. 420 (2d Dist. 1979); *Parsons v. Superior Court*, 81 Cal. App.3d 506, 146 Cal.Rptr. 495 (1st Dist. 1978); *Nazaroff v. Superior Court*, 80 Cal. App.3d 553, 145 Cal.Rptr. 657 (1st Dist. 1978); *Arauz v. Gerhardt*, 68 Cal.App.3d 937, 137 Cal.Rptr. 619 (2d Dist. 1977); *Mobaldi v. Board of Regents*, 55 Cal.App.3d

573, 127 Cal.Rptr. 720 (2d Dist. 1976); *Hair v. County of Monterey*, 45 Cal.App.3d 538, 119 Cal.Rptr. 639 (1st Dist. 1975); *Powers v. Sissoev*, 39 Cal.App.3d 865, 114 Cal.Rptr. 868 (2d Dist. 1974); *Jansen v. Children's Hospital Medical Center*, 31 Cal.App.3d 22, 106 Cal.Rptr. 883 (1st Dist. 1973); *Deboe v. Horn*, 16 Cal.App.3d 221, 94 Cal.Rptr. 77 (2d Dist. 1971); *Archibald v. Braverman*, 275 Cal.App.2d 253, 79 Cal.Rptr. 723 (4th Dist. 1969).

In *Dillon*, the Supreme Court of California held that a mother who had witnessed her child's being struck and killed by an automobile due to the driver's alleged negligence could state a cause of action for her resulting physical and emotional injuries. However, to protect defendants from potential infinite liability, the *Dillon* court expressly limited the cause of action to cases in which the harm to the plaintiff was "reasonably foreseeable," as defined by the following specific factors to be applied by courts to the circumstances of the individual case:

> (1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it. (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence. (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.

68 Cal.2d at 739–41; 69 Cal.Rptr. at 79–81; 441 P.2d at 919–21.

Applying these factors to the circumstances of the instant case, the Court finds that Burke's alleged injuries were not reasonably foreseeable. Plaintiff meets *Dillon*'s close relationship requirement in that the victim was her twin sister, but she does not satisfy either of the additional criteria. She was not present at the scene of the

---

2. The claims for the wrongful death of Margaret Fox have been settled by her heirs and are not at issue in this action.

3. The parties have agreed that California law governs this action.

crash, either at the moment of the accident or during its aftermath. Indeed, at all relevant times she was in California, thousands of miles from the Canary Islands. Burke has cited no case sustaining a cause of action where the plaintiff never appeared at the accident scene; as far as this Court's independent research has disclosed, the California courts have uniformly denied recovery under such circumstances. *See Hoyem v. Manhattan Beach City School District, supra; Hair v. County of Monterey, supra; Powers v. Sissoev, supra; Deboe v. Horn, supra.*

Moreover, any injury to Burke did not result from a direct emotional impact on her from her sensory and contemporaneous observance of the accident. Although Burke claims to have known at the moment of the crash that her sister had died, she did not know the circumstances of her sister's death until she was informed of them by third parties. Thus, she had no contemporaneous observance of the accident. The Supreme Court of California has made clear that a plaintiff cannot state a cause of action under *Dillon* unless he or she has seen, heard, or otherwise *sensorily* perceived the injury-producing event. *Justus v. Atchison, supra,* 19 Cal.3d at 584–85, 139 Cal.Rptr. at 110–11, 565 P.2d at 135–36; *Parsons v. Superior Court, supra,* 81 Cal. App.3d at 512, 146 Cal.Rptr. at 498; *Arauz v. Gerhardt, supra,* 68 Cal.App.3d at 949, 137 Cal.Rptr. at 627. *See Krouse v. Graham, supra,* 19 Cal.3d at 76, 137 Cal.Rptr. at 872, 562 P.2d at 1031. What Burke alleges is not sensory, but rather extrasensory perception. As such, her injury is outside the realm of foreseeability as defined by California law.

Burke appears to contend that her injuries were foreseeable because pain sharing between twins is a documented phenomenon. This argument ignores the specific guidelines for determining foreseeability established by the California courts to protect defendants from liability for the "remote and unexpected." *Dillon v. Legg, supra,* 68 Cal.2d at 741, 69 Cal.Rptr. at 81, 441 P.2d at 921. Plaintiff here fails to meet two of the three requirements of the defined guide-lines. She thus fails to state a cause of action under California law. Accordingly, defendants' motions are granted and the complaint is dismissed.

It is so ordered.