185 N.J. Super. 548 (1982)
449 A.2d 1347
CARL BISCHOFF AND GLADYS BISCHOFF, HIS WIFE, PLAINTIFFS,
v.
WILLIAM JOHN KOHLRENKEN, INDIVIDUALLY, J.J. KOHLRENKEN, INDIVIDUALLY, AND J.J. KOHLRENKEN AND WILLIAM J. KOHLRENKEN T/A MADE IN THE SHADE LANDSCAPING; JEFF ZWEBEN, INDIVIDUALLY; RARE EARTH NURSERIES AND LANDSCAPING, INC.; PAYTON PLACE FARMS; JOHN DOE, A FICTITIOUS NAME AND ABC CORPORATION, A FICTITIOUS NAME, DEFENDANTS.
Superior Court of New Jersey, Law Division Ocean County.
Decided April 23, 1982.
*549 Saul Zimmerman for plaintiffs (Podvey, Sachs, Catenacci & Silver, attorneys).
Laurence M. McHeffey for defendants Kohlrenken (Hanlon, Dempsey & McHeffey, attorneys).
SERPENTELLI, J.S.C.
In Portee v. Jaffee, 84 N.J. 88 (1980), our Supreme Court held that a mother could recover damages for mental and emotional stress which she has suffered even though she had not been subjected to any risk of physical harm. In that case a mother watched her seven-year-old suffer and die after he had become entrapped in an elevator. The doctrine enunciated by the court expanded the bounds of liability for emotional and mental damage. It was not long before members of the bar tested the bounds of the principles enunciated in Portee.
Thus, in Mercado v. Transport of New Jersey, 176 N.J. Super. 234 (Law Div. 1980), the trial court was called upon to determine how the Portee doctrine applied to a parent who had not observed the injury to the child but had come upon the scene shortly thereafter. The court held that, in that setting, a right of recovery existed by virtue of the principles adopted in Portee. In the present case plaintiff seeks to take Portee one step further and asks this court to permit the jury to award damages to parents who have neither witnessed the accident nor come upon the scene but have visited the severely injured child shortly after the accident at the hospital and shortly before his demise. For the reasons set forth below, I find that plaintiffs have reached beyond the pale of Portee and that defendant's motion to dismiss plaintiff's complaint should be granted.
The facts as set forth in the papers on the motion for summary judgment are somewhat sketchy. However, it appears that all parties agree that plaintiffs' 31-year-old married son was severely injured in an automobile accident on March 24, 1981 at about 5:46 p.m. Plaintiffs were called to the hospital *550 and arrived prior to their son's death at 10:45 p.m. When they arrived at the hospital they observed their son had sustained terrible injuries and was experiencing severe pain and suffering. In opposition to defendant's motion for summary judgment, plaintiffs filed a certification setting forth the residual effect of their son's death, asserting the fact that the quality of their lives had been severely diminished in numerous ways. The question for the court is, even assuming the ability of plaintiffs to prove the damage they claim, should it be compensable?
In the process of evaluating the motion for summary judgment I have reviewed numerous cases of the high court of many of our sister states, all of which participated in essentially the same process which led to the adoption of the Portee guidelines in New Jersey. Each of the high courts was called upon to overrule existing law which denied recovery, to delineate new principles which would permit relief and to establish limitations upon the right to compensation for mental and emotional distress arising in this context in order to allay the fears of those who insist the door has been opened too wide. See, e.g., Dziokonski v. Babineau, 375 Mass. 555, 380 N.E.2d 1295 (Sup.Jud.Ct. 1978); Sinn v. Burd, 486 Pa. 146, 404 A.2d 672 (Sup.Ct. 1979); Landreth v. Reed, 570 S.W.2d 486 (Tex.Civ.App. 1978); Corso v. Merrill, 119 N.H. 647, 406 A.2d 300 (Sup.Ct. 1979). See, also, the additional cases collected in Portee 84 N.J. at 97-98.
Virtually all of these decisions have relied heavily upon the seminal case in this field of Dillon v. Legg, 68 Cal.2d 728, 69 Cal. Rptr. 72, 441 P.2d 912 (1968) (en banc). In that opinion the California Supreme Court identified three factors which would determine whether an emotional injury would be compensable because "foreseeable." The second factor was "whether the shock resulted from a direct emotional impact upon the plaintiff from the sensory and contemporaneous observance of the accident as contrasted with learning of the accident from others after its occurrence". Id. at 740, 69 Cal. Rptr. at 80, 441 P.2d at 920. Portee adopted that requirement in somewhat different language. At 84 N.J. 101 of the opinion the court listed four *551 elements of required proof. The third was "observation of the death or injury at the scene of the accident."
Justice Pashman took pains to define each of the elements with particularity. With respect to the observation issue, he said:
"The second requirement (as stated in Dillon)  that the plaintiff witness the incident which resulted in death or serious injury  is equally essential. We recognize that to deny recovery solely because the plaintiff was not subjected to a risk of physical harm would impose an arbitrary barrier that bears no relation to the injury to his basic emotional stability. [Citations omitted]. Yet avoiding arbitrary distinctions does not entail that a cause of action should exist for all emotional injuries to all the close relatives of the victim. This expansive view would extend judicial redress far beyond the bounds of the emotional interest entitled to protection. To avoid imposing liability in excess of culpability, the scope of recovery must be circumscribed to negligent conduct which strikes at the plaintiff's basic emotional security.

Discovering the death or serious injury of an intimate family member will always be expected to threaten one's emotional welfare. Ordinarily, however, only a witness at the scene of the accident causing death or serious injury will suffer a traumatic sense of loss that may destroy his sense of security and cause severe emotional distress. As Justice Cardozo stated in his classic formulation, `The risk reasonably to be perceived defines the duty to be obeyed.' [Citation omitted]. Such a risk of severe emotional distress is present when the plaintiff observes the accident at the scene. Without such perception, the threat of emotional injury is lessened and the justification for liability is fatally weakened. The law of negligence, while it redresses suffering wrongfully caused by others, must not itself inflict undue harm by imposing an unreasonably excessive measure of liability. Accordingly, we hold that observing the death or serious injury of another while it occurs is an essential element of a cause of action for the negligent infliction of emotional distress." [84 N.J. at 99, emphasis supplied]
I am satisfied that this very precise language has the effect of excluding the claim made in the case before the court. However, because all of the law in this field has emanated from the Dillon decision in California in 1968, I find it supportive of my conclusion that the courts in California have held in the factual pattern before me that recovery shall not be permitted.
In Deboe v. Van Horn, 16 Cal. App.3d 221, 94 Cal. Rptr. 77 (1971), the District Court of Appeal ruled that a wife who suffered emotional and physical injury when seeing her husband in the hospital hours after he had been injured in an automobile accident due to the defendant's negligence would be denied *552 recovery and that the Dillon rule should not be extended that far.
In Powers v. Sissoev, 39 Cal. App.3d 865, 114 Cal. Rptr. 868, (D.Ct.App. 1974), a child was injured in an automobile accident and taken to a hospital. Her mother who had not witnessed the accident did not see the child until 30 or 60 minutes after the event and thereafter observed her deteriorating condition. The court held that no recovery would be permitted since the mother's shock was not contemporaneous with the accident and arose from circumstances not materially different from those undergone by every parent whose child has been injured in a non-observed and preceding accident.
Thereafter, in Justus v. Atchison, 19 Cal.3d 564, 139 Cal. Rptr. 97, 565 P.2d 122 (1977) the California Supreme Court approved the Deboe opinion and went on to deny recovery to an expectant father even though he was present in the delivery room when the fetus of his unborn child died but did not know of the death until later informed by the doctors. In 1978 the California Supreme Court in Hoyem v. Manhattan Beach School Dist., 22 Cal.3d 508, 150 Cal. Rptr. 1, 585 P.2d 851 (1978), again found that it was proper to dismiss a mother's cause of action for emotional shock which she suffered upon observing her student son's injuries in a hospital a few hours after the accident. The court repeated its finding in Justus that Dillon requires more than mere physical presence. The shock must also result from a direct emotional impact on the plaintiff caused by sensory and contemporaneous observance of the accident.
Whenever it becomes necessary for the court to draw lines as the common law evolves, the distinction may be attacked as tenuous or arbitrary. Nonetheless, the job must be done by considering existing precedent, the policy which underlies it and the fairness of the result. Absent controlling authority, fairness is the touchstone of the trial court's function. Kikkert v. Kikkert, 88 N.J. 4, 10 (1981) (Pashman, J., concurring).
*553 The California courts have apparently construed Dillon most conservatively, and at least one court has denied liability in circumstances very similar to our Mercado decision where recovery was permitted. Arauz v. Gerhardt, 68 Cal. App.3d 937, 137 Cal. Rptr. 619 (D.Ct.App. 1977). Portee and the other high court cases like it stress the need to limit the potentially infinite liability which could follow every negligent act. In my judgment, to permit recovery in this case would impose liability in excess of culpability and would establish an unreasonably excessive measure of liability. I am satisfied that the Portee decision does not envision liability in this factual context and therefore grant defendant Kohlrenken's motion for summary judgment.