Richard WALKER, Sr., Administrator of the Estate of Carl C. Walker; Richard Walker, Sr., Individually; Norma Walker; and Karen Jo Ann Walker, Plaintiffs,

v.

CLARK EQUIPMENT COMPANY, Defendant.

No. 67218.

Supreme Court of Iowa.

June 16, 1982.

Ross H. Sidney and Patrick J. McNulty of Grefe & Sidney, Des Moines, for defendant.

Paul R. Huscher, Des Moines, for plaintiffs.

HARRIS, Justice.

In *Barnhill v. Davis*, 300 N.W.2d 104 (Iowa 1981), we for the first time recognized a cause of action for emotional distress caused by witnessing peril to a victim proximately caused by the negligence of another. The questions certified here are as follows:

(1) May a bystander, whose allegations satisfy the five elements set forth in *Barnhill v. Davis*, 300 N.W.2d at 108, maintain a claim of strict liability in tort against the manufacturer of a product

for emotional distress caused by witnessing peril to a victim proximately caused by a defect in design or manufacture of the product?

(2) May a bystander, whose allegations satisfy the five elements set forth in *Barnhill v. Davis*, 300 N.W.2d at 108, maintain a claim based upon the breach of implied warranties of fitness and merchantability against a manufacturer of a product for emotional distress caused by witnessing peril to a victim proximately caused by defects in the product that rendered it unmerchantable or unfit for its intended purposes?

We think the questions can and should be considered together. Any consideration which might tend to answer either question would seem to apply also to the other. We answer both questions in the affirmative.

Carl Walker was killed when a forklift truck he was operating rolled over and crushed him. His sister Karen witnessed the accident. Various members of Walker's family, including the administrator or his estate, and also including Karen, filed the present suit in federal court against the manufacturer of the forklift truck. Federal jurisdiction was based on diversity of citizenship. Iowa law controls.

Karen sought damages for severe emotional distress which she says she suffered from personally witnessing the accident. She sought these damages on theories of negligence, breach of warranties, and strict liability. In *Barnhill* we did not consider whether the cause of action for emotional distress would lie where the peril to the victim is claimed to have been caused, not by negligence, but by breach of warranty or by an act for which a defendant may be held strictly liable.

The defendant here conceded Karen stated a cause for emotional distress based on a theory that the defendant was negligent. Defendant however moved to dismiss those counts in which Karen sought damages for emotional distress based on theories of breach of warranty and strict liability. The

federal court, on its own motion, reserved ruling and certified the above questions to us. *See* § 684A.1, The Code 1981.

Karen's focus is on foreseeability. She points out that we have long applied strict liability in appropriate situations in products liability suits, and have expressly done so for bystanders. *Haumersen v. Ford Motor Co.*, 257 N.W.2d 7, 16 (Iowa 1977). Karen also points to section 554.2318, The Code, as authority that recovery is allowed to a bystander for breach of implied warranty so long as damages are reasonably foreseeable:

> A seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume or be affected by the goods and who is injured by breach of the warranty. A seller may not exclude or limit the operation of this section with respect to injury to the person of an individual to whom the warranty extends.

Because, in *Barnhill*, we relied on *Dillon v. Legg*, 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912 (1968), Karen argues we should adhere to the holding in another California case, *Shepard v. Superior Court*, 76 Cal. App.3d 16, 142 Cal.Rptr. 612 (Cal.Ct.App. 1977). In *Shepard* recovery was allowed a bystander for emotional distress on strict liability and warranty theories.

Defendant's focus is upon the relationship, specifically upon the relationship between the manufacturer and the bystander. Defendant argues that emotional distress to a bystander is not dependent upon or related to whether the accident was caused by a defective product. For want of this relationship defendant urges that no recovery should be allowed for emotional distress in the absence of fault or negligence.

■ We see no qualitative difference, once liability is found, between recoveries under theories of negligence, strict liability, or warranty. Once a defendant is found liable a plaintiff should recover all damages cognizable under the law and supported by the evidence. The physical injury, falling within the criteria of *Barnhill*, which arises from emotional distress occasioned by observing an accident, is the same as any other physical injury in terms of its compensability. *Peters v. Lyons*, 168 N.W.2d 759, 765–66 (Iowa 1969) (measure of damages under warranty theory is the same as any other tort); Blades, Iowa Tort Guide, § 17.34 (2d Ed. 1981) ("For personal injuries, the measure of damages in warranty is the same as that in tort [citing *Peters v. Lyons*].") Carmichael, "Strict Liability in Tort—An Explosion in Products Liability Law," 20 Drake L.Rev. 528, 548 (1971) ("Damages to be allowed in a strict liability . . . tort case are, for all practical purposes, the same as those recoverable in warranty and negligence cases." [citing *Peters v. Lyons*]).

Defendant characterizes this view as an expansion or extension of our holding in *Barnhill*. We think it is merely an obvious, though new, application of established rules. We know of no logical way, on the basis of damages, that a line could be drawn between any of the three theories of recovery. The answer to both the certified questions is yes.

CERTIFIED QUESTIONS ANSWERED.

All Justices concur except ALLBEE and LeGRAND, JJ., who dissent.

ALLBEE, Justice (dissenting).

I dissent for the reasons stated in my dissent in *Barnhill v. Davis*, 300 N.W.2d 104, 109 (Iowa 1981). The result the court reaches in this case exemplifies the mischief unleashed by *Barnhill*.

LeGRAND, J., joins in this dissent.