**Richard OBERREUTER, Plaintiff,**

**Violet Oberreuter, Plaintiff-Appellant,**

**Thomas Oberreuter and Todd Oberreuter, Plaintiffs,**

v.

**ORION INDUSTRIES, INC., d/b/a Antenna Specialists Co., Defendant,**

**Mid-State Distributing Company, Defendant-Appellee,**

**Business Radio Sales & Service, Inc., and Benton County Electric Cooperative Association, Defendants.**

No. 69198.

Supreme Court of Iowa.

Jan. 18, 1984.

William Sidney Smith, Gary A. Robinson, William B. Serangeli, and Robert A. Royal of Smith, Schneider & Stiles, P.C., Des Moines, for plaintiff-appellant.

John A. McClintock and Richard G. Blane II of Hansen, McClintock & Riley, Des Moines, for defendant-appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McCORMICK and WOLLE, JJ.

REYNOLDSON, Chief Justice.

In this interlocutory appeal from a ruling sustaining a motion to dismiss, plaintiff Violet Oberreuter asks us to expand our holding in *Barnhill v. Davis*, 300 N.W.2d 104 (Iowa 1981), and recognize her claim for negligent infliction of emotional distress arising out of injuries to her husband and son, even though she was neither a witness nor a bystander to the injury-causing incident. We deny her request and affirm trial court's ruling striking from her petition allegations based on this cause of action.

This case was brought by a father and son burned when a citizens band antenna they were handling came near to or in contact with an electrical transmission line; a son who was a bystander; and this plaintiff wife and mother (hereafter referred to as sole plaintiff) who asserts claims based on loss of consortium and the claims at issue here. Various counts alleged negligence, breach of warranty and strict liability against several defendants.

Defendant Mid-State Distributing Company moved under Iowa Rule of Civil Procedure 104(b) to dismiss plaintiff's claims based on negligent infliction of emotional distress. Plaintiff argued she was a reasonably foreseeable and direct victim of defendants' allegedly negligent acts, to whom defendants owed a duty of care, despite the fact that she was neither a witness nor a bystander when her husband and son sustained injuries. Defendant Mid-State contended plaintiff's failure to meet the elements specified for recovery in *Barnhill*, 300 N.W.2d at 108, precluded plaintiff's emotional distress claims. Trial court sustained the motion, leaving plaintiff with her claims for loss of consortium. In this appeal plaintiff and Mid-State advance the same arguments they made in district court.

I. We need not duplicate our effort in *Barnhill*, where we thoroughly analyzed and traced the history of the cause of action that, under certain conditions, may be brought by a witness-bystander for negligent infliction of emotional distress. La-

ter, in *Walker v. Clark Equipment Co.*, 320 N.W.2d 561 (Iowa 1982), responding to certified questions, we reaffirmed the *Barnhill* principles, holding they applied in cases grounded in strict liability and warranty. The appeal before us would require us to retreat from the requirement that the plaintiff be a bystander and witness the peril of the related victim, and the further requirement that the emotional distress result "from a direct emotional impact from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence." *Barnhill*, 300 N.W.2d at 108.

Our examination of decisions from other jurisdictions discloses no trend toward discarding the above requirements. California, following its seminal decision in *Dillon v. Legg*, 68 Cal.2d 728, 441 P.2d 912, 69 Cal.Rptr. 72 (1968), has had the most experience with this remedy. In a few instances California courts have permitted the claim where the emotionally distressed plaintiff arrived on the scene very soon after the incident and before removal of the victim, or, where the plaintiff, although present, did not actually see the injury occur. *See Krouse v. Graham*, 19 Cal.3d 59, 76, 562 P.2d 1022, 1031, 137 Cal.Rptr. 863, 872 (1977) (husband sitting in auto did not see his wife struck, but knew her location beside the car, observed defendant's speeding car, and realized car must have struck wife); *Nazaroff v. Superior Court*, 80 Cal.App.3d 553, 566, 145 Cal.Rptr. 657, 664 (1978) (mother heard shout and arrived in time to see drowning son pulled from neighbor's swimming pool); *Archibald v. Braverman*, 275 Cal.App.2d 253, 256, 79 Cal.Rptr. 723, 725 (1969) (within moments of explosion, mother arrived to render aid to maimed and bloody son).

In other decisions California courts have unbendingly enforced the *Dillon* requirements, disallowing claims on facts more favorable than those asserted here. *See Justus v. Atchison*, 19 Cal.3d 564, 585, 565 P.2d 122, 135–36, 139 Cal.Rptr. 97, 110–11 (1977) (father in delivery room observed

difficult birth, but did not see or sense injury to infant, shock sustained when later informed of infant's death); *Madigan v. City of Santa Ana,* 145 Cal.App.3d 607, 611, 193 Cal.Rptr. 593, 596 (1983) (mother and stepfather arrived at auto collision scene within fifteen minutes and before removal of victim's body); *Hathaway v. Superior Court,* 112 Cal.App.3d 728, 736, 169 Cal.Rptr. 435, 440 (1980) (parents found electrocuted and dying son within a minute or two from the time of the accident); *Arauz v. Gerhardt,* 68 Cal.App.3d 937, 949, 137 Cal.Rptr. 619, 627 (1977) (plaintiff arrived on scene within five minutes from the time her son was struck by auto, and before his removal); *Powers v. Sissoev,* 39 Cal.App.3d 865, 873–74, 114 Cal.Rptr. 868, 872 (1974) (mother saw injured daughter in hospital thirty to sixty minutes following accident); *Deboe v. Horn,* 16 Cal.App.3d 221, 224, 94 Cal.Rptr. 77, 79 (1971) (wife first saw injured husband in hospital emergency room, where she observed and was told he was totally paralyzed).

An examination of opinions from jurisdictions other than California discloses no discernible drift away from the requirement that plaintiff be a witness to the victim's injury. *See, e.g., Culbert v. Sampson's Supermarkets Inc.,* 444 A.2d 433, 438 (Me. 1982); *Williams v. Citizens Mutual Insurance Co.,* 94 Mich.App. 762, 765, 290 N.W.2d 76, 77 (1980); *Corso v. Merrill,* 119 N.H. 647, 656, 406 A.2d 300, 306 (1979); *Portee v. Jaffee,* 84 N.J. 88, 99, 417 A.2d 521, 527 (1980); *Sinn v. Burd,* 486 Pa. 146, 173, 404 A.2d 672, 686 (1979); *Shelton v. Russell Pipe and Foundry Co.,* 570 S.W.2d 861, 866 (Tenn.1981).

Plaintiff in the case before us relies on *Molien v. Kaiser Foundation Hospitals,* 27 Cal.3d 916, 616 P.2d 813, 167 Cal.Rptr. 831 (1980). Plaintiff there alleged a doctor had negligently misdiagnosed his wife as having syphilis and had told her to advise him. Plaintiff was required to undergo tests to determine whether he had the disease and whether he caused his wife's alleged infection. It was further alleged the test results were negative, but all of this caused anxiety, tensions and hostility between husband and wife, resulting in the breakup of the marriage. The *Molien* court reversed a trial court judgment sustaining a demurrer, and held the husband was "a direct [and foreseeable] victim of the assertedly negligent action" because the doctor had instructed the wife to tell her husband and he too was tested by the hospital for the disease. The court found this placed the plaintiff husband in a far different position than a bystander. *Id.* at 923, 616 P.2d at 816, 167 Cal.Rptr. at 834. A subsequent California decision recognized the *Molien* situation as unique and inapplicable to bystander cases. *Hathaway,* 112 Cal.App.3d at 736–37, 169 Cal. Rptr. at 440.

■■■ II. We may distill from the vast majority of these cases the conclusion that recovery for negligent infliction of emotional distress is intended to compensate plaintiff not for the grief that flows from a loved one's tortious injury, but for the emotional trauma caused by plaintiff's visceral participation in the event. It is the added horror of witnessing (and probably endlessly reliving) the tragedy that is compensable, other *Barnhill* elements being present. In a case like the one before us, the problem of learning to live with the aftermath of disaster is the substance of the claim for loss of consortium.

■■■ The *Barnhill* elements of geographic nearness and contemporaneous perception are required to ensure that plaintiff will have been subjected to the added shock required to sustain the cause of action. Those elements are lacking here. To eliminate them now as requirements for recovery would surely launch "a first excursion into the fantastic realm of infinite liability." *Madigan,* 145 Cal. App.3d at 611, 193 Cal.Rptr. at 596.

We hold *Barnhill* stakes out the parameters of plaintiff's causes of action for negligent infliction of emotional distress based on alleged tortious injuries to her husband and to her son. Because the asserted facts do not bring her within those parameters, trial court committed no error in sustaining

the motion to strike the allegations seeking to assert those claims. We affirm and remand for further proceedings on the remaining claims.

AFFIRMED AND REMANDED.