613 F.Supp. 346 (1985)
Wilson JEANNELLE, et al., Plaintiffs,
v.
THOMPSON MEDICAL COMPANY, INC., a corporation, Defendant.
No. 85-799C(1).
United States District Court, E.D. Missouri, E.D.
July 22, 1985.
*347 Burton Newman, St. Louis, Mo., for plaintiffs.
Ben Ely, Jr., St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before the Court on defendant's motion to dismiss plaintiff Nathan Schnitzmeier's claims. Defendant's motion is not directed to the claims of the other plaintiffs. This Court denies defendant's motion to dismiss.
Plaintiffs' cause of action arises from violent attacks by Christopher Young. Both parties admit that defendant manufactured and placed in the stream of commerce a drug named Promaline. Plaintiffs allege that Christopher Young bought and consumed Promaline, that Promaline is an unreasonably dangerous drug, and that said drug caused his violent behavior. Plaintiffs Wilson Jeannelle, Judy Schnitzmeier, and Tony Schnitzmeier claim damages for physical and mental suffering as well as punitive damages. Plaintiff Nathan Schnitzmeier, although not physically injured, claims damages for emotional distress on the ground that he was foreseeably in the zone of danger and forced to witness the attack upon his mother and brother, causing his mental anguish. Plaintiffs rely on a theory of strict products liability.
The basis of subject matter jurisdiction in this case is diversity of citizenship. "In a federal diversity case the district court applies the substantive law of the forum state." Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Defendant moves to dismiss plaintiff Nathan Schmitzmeier's claims, because no Missouri case recognizes a cause of action for emotional distress on a strict products liability theory. The question is one of first impression in Missouri and, therefore, this Court must predict how Missouri courts would rule. See C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 4246 n. 28 (1978).
In passing on a motion to dismiss, a court is required to view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheur v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 474 (1974); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss will not be granted merely because the complaint does not state every element necessary for recovery with precision. 5 Wright & Miller, Federal Practice and Procedure: Civil § 1216 at 120 (1969). A complaint is sufficient if it "contains allegations from which an inference fairly may *348 be drawn that evidence on these material points will be introduced at trial." Id. at 122-123. A complaint should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46, 78 S.Ct. at 101-02.
This Court predicts that Missouri would allow a bystander to recover for emotional distress on a strict products liability theory. This conclusion is based on Missouri courts' resolution of related issues and the holdings of other jurisdictions on point. Missouri courts allow plaintiffs to sue for emotional distress without physical impact and allow bystanders to recover under a theory of strict products liability.
In Bass v. Nooney, 646 S.W.2d 765 (Mo. 1983), the Missouri Supreme Court held that "a plaintiff will be permitted to recover for emotional distress provided: (1) the defendant should have realized that his conduct involved an unreasonable risk of causing the distress; and (2) the emotional distress or mental injury must be medically diagnosable and must be of sufficient severity as to be medically significant." Bass, 646 S.W.2d at 772. Thus, Missouri has adopted the so-called "no impact" rule with respect to recovery for emotional distress. Plaintiff Schnitzmeier's complaint alleges both severity and foreseeability.
The Supreme Court of Missouri also allows bystanders to recover for personal injuries under a theory of strict products liability. Giberson v. Ford Motor Company, 504 S.W.2d 8 (Mo.1974). In Giberson, the plaintiffs were blinded by smoke when the motor of an automobile, produced by the defendant and driven by a third party, exploded and caused a collision. The court reasoned that the purpose of strict products liability "is to insure that the costs of injuries resulting from defective products are borne by the manufacturers." Giberson, 504 S.W.2d at 10.
Because no Missouri court has squarely ruled on the validity of bystander claims for emotional distress in a strict products liability claim, this Court must look to other jurisdictions to determine how Missouri courts would probably decide the question. Of the few jurisdictions that have ruled on the issue, the majority have allowed recovery. An Iowa court allowed a woman to maintain an action in strict products liability for emotional distress when she witnessed her brother being killed by a defective forklift, which rolled over on him. Walker v. Clark Equipment Co., 320 N.W.2d 561 (Iowa 1982). A California court allowed the parents of two children to recover for emotional distress under a theory of strict products liability when their two children were thrown from a car as a result of a defective door latch. Shepard v. Superior Court of Alameda County, 76 Cal.App.3d 16, 142 Cal.Rptr. 612 (1st Dist.Cal.App.1977). More recently, another California court allowed a passenger in a defective boat to recover damages for emotional distress when she witnessed a water skier suffer multiple lacerations from the propeller. Kately v. Wilkinson, 148 Cal. App.3d 576, 195 Cal.Rep. 902 (5th Dist.Cal. App.1984).
In the opinion of this Court, Missouri would follow the precedent set by the courts of California and Iowa. The rulings of Missouri courts in Giberson, allowing physically injured bystanders to collect on a claim of strict products liability, and Bass, allowing plaintiffs to recover for emotional distress without physical impact, are adequate indication that Missouri would allow a bystander to recover damages for emotional distress on a strict products liability claim.
Accordingly, plaintiff Nathan Schnitzmeier's complaint states a claim upon which relief can be granted, and defendants' motion to dismiss must be denied.