Roger FINERAN, Geraldine Fineran, Jennifer Fineran, and Angie Fineran, Appellants,

v.

Eddie Glenn PICKETT, Appellee.

No. 89–1093.

Supreme Court of Iowa.

Feb. 20, 1991.

Colin J. McCullough, McCullough Law Firm, Sac City, for appellants.

David J. Grace, Davis, Grace, Horvath, Gonnerman & Rouwenhorst, P.C., Des Moines, for appellee.

Considered by CARTER, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

The plaintiffs, who are the parents and sisters of Lori Fineran Hagerty, appeal from denial of their emotional distress claims against defendant, Eddie Glenn Pickett. Lori Fineran Hagerty was killed when the bicycle she was riding was struck by a car driven by defendant. Her parents and two sisters sought damages including emotional distress from having witnessed the immediate aftermath of the collision. The district court denied the plaintiffs' emotional distress claims on the ground that plaintiffs had not experienced a "sensory and contemporaneous observance of the accident."

On appeal, plaintiffs contend that they should be allowed to recover emotional distress damages because their arrival at the accident scene was sufficiently contemporaneous with the event that the shock which they experienced was the equivalent of having witnessed the collision. Upon considering the arguments of the parties, we affirm the judgment of the district court.

The fatal injuries sustained by Lori Fineran Hagerty occurred on June 11, 1988, at 6 p.m. She was struck by an automobile driven by defendant while riding her bicycle in the area of the Saylorville Lake in northern Polk County. At the time of the accident, Lori's father, plaintiff Roger Fineran, and her sister, plaintiff Jennifer Fineran, were riding their bicycles some distance behind Lori. Neither of these plaintiffs witnessed the collision. They arrived at the injury scene approximately two minutes after the collision. They observed Lori lying in the roadway near her bicycle. She had not been moved. She was being attended to by another person who arrived at the scene prior to Roger and Jennifer. At this time, Lori was unconscious, her breathing was impaired, and she appeared to be having a seizure.

Roger directed Jennifer to go to a campground nearby and notify Lori's mother, plaintiff Geraldine Fineran, and another sister, plaintiff Angie Fineran, of the tragedy. She did so, and these people along with Lori's husband proceeded immediately to the accident scene. It is estimated that they arrived approximately five minutes after the collision had occurred. A helicopter arrived at 6:49 p.m. and removed Lori to a hospital where she later died.

Plaintiffs attempt to fit the present factual pattern within the rules established in *Barnhill v. Davis*, 300 N.W.2d 104, 108 (Iowa 1981), for the recovery of damages for emotional distress. They suggest that those standards should

be "applied flexibly as guidelines only, with genuineness, severity, and reasonable foreseeability of injury as controlling elements." Our review of the *Barnhill* standards and our subsequent consideration of those standards in *Oberreuter v. Orion Industries, Inc.*, 342 N.W.2d 492, 494 (Iowa 1984), suggests that these requirements were a recognition that a case-by-case determination of genuineness, severity, and reasonable foreseeability was an unsatisfactory standard to apply in determining claims of this type.

The criteria laid down in *Barnhill* make it clear that bystander recovery for emotional distress is strictly limited to situations which involve "witnessing peril to a victim," and which have produced emotional distress from "*sensory* and contemporaneous observance of the accident as contrasted with learning of the accident ... after its occurrence." *Barnhill*, 300 N.W.2d at 108 (emphasis added). Unless we are to substantially depart from that requirement, the judgment of the trial court was clearly correct. As we recognized in *Roberts v. Bruns*, 387 N.W.2d 140 (Iowa 1986), the issue presented in situations of this kind "is one of legal causation, *i.e.*, whether the policy of the law will extend responsibility to those consequences which have in fact been produced by a particular event." *Id.* at 143.

Prior to our *Barnhill* decision, this court had not recognized a right to recover emotional distress damages under any circumstances in the absence of physical injury. We do not now dispute, and plaintiffs' arguments satisfactorily demonstrate, that emotional distress, often severe, will frequently befall members of the family of a severely injured person who do not meet the *Barnhill* requirements. We were not oblivious to this possibility in deciding that case. The requirement of "sensory and contemporaneous observance of the accident" was purposely adopted so as to not extend liability for emotional distress to all situations in which such damages are foreseeable. We opt to hold the line on this limitation.

We have considered all arguments presented and find no basis for overturning the judgment of the district court. That judgment is affirmed.

AFFIRMED.