# IN THE SUPREME COURT OF IOWA

No. 08–0414

Filed March 6, 2009

CAROLE N. MOORE, SHAWN T.
MOORE, Individually (as Parents and
Next Friends) and as Administrators
of the Estate of ANTHONY C. MOORE,
Deceased,

      Appellees,

vs.

GREGORY ECKMAN, MOLLY ECKMAN,
NICOLE ECKMAN, and PEKIN INSURANCE
COMPANY,

      Appellants.

---

Appeal from the Iowa District Court for Iowa County, Amanda P. Potterfield, Judge.

Pekin Insurance Company appeals in advance of judgment the district court's ruling denying its motion for partial summary judgment on Carole Moore's bystander liability claim. **REVERSED AND REMANDED.**

John M. Bickel and Sarah W. Anderson of Shuttleworth & Ingersoll, P.L.C., Cedar Rapids, for appellants.

Larry D. Helvey, Cedar Rapids, and James P. Craig and Samantha C. Norris of Lederer Weston Craig, PLC, Cedar Rapids, for appellees.

**BAKER, Justice.**

Defendant Pekin Insurance Company appeals in advance of judgment the district court's ruling denying its motion for partial summary judgment. Pekin claims that the district court erred in denying it summary judgment on Carole Moore's bystander liability claim because under Iowa law, a bystander must have had a sensory and contemporaneous observance of the injury-causing accident to recover for negligent infliction of emotional distress. Pekin argues that Plaintiff Carole Moore did not actually witness her son's accident which resulted in his death, but arrived immediately afterwards and, therefore, does not meet the standard. We hold that the contemporaneous observance of the accident is a requirement under Iowa case law. Because the undisputed facts show that Carole Moore did not observe the accident, partial summary judgment should have been granted, dismissing her bystander liability claim.

## I. Background Facts and Proceedings.

On the evening of May 13, 2005, Anthony Moore was sitting on the trunk of the car that Nicole Eckman was driving. Eckman drove her car forward with Anthony Moore still on the back. He fell off the back of the car resulting in a head injury and ultimately his death. His mother, Carole Moore, was not at the scene and did not see her son fall off the car and hit the pavement. Rather, Carole Moore arrived at the scene immediately after the accident occurred. She found him lying in the street, unattended and seriously injured. She was the first person to arrive at his side and the first person to render aid after the accident.

On May 7, 2007, plaintiffs Carole and Shawn Moore filed a petition at law against Nicole Eckman, her parents Gregory and Molly Eckman, and Pekin Insurance Company ("Pekin"), claiming that defendant Nicole

Eckman was negligent in the operation of her vehicle and, as a result of her negligence, Anthony Moore sustained a head injury which resulted in his death. Plaintiffs stated claims for negligence, loss of consortium, underinsured motorist coverage, and a bystander claim by Carole Moore for negligent infliction of emotional distress. Pekin was the underinsured motorist carrier.

Pekin filed a motion for partial summary judgment requesting dismissal of Carole Moore's bystander claim. Pekin argued that because Carole Moore did not witness the accident itself, under Iowa law her claim fails because a "sensory and contemporaneous observation" of the accident itself is required to support a bystander claim.

The district court issued a ruling denying Pekin's motion. The district court found that there were factual issues precluding summary judgment that should be resolved by a trier of fact. Pekin filed an application for grant of appeal in advance of final judgment and stay of proceedings pending appeal with this court. This court granted Pekin's application.

**II. Scope of Review.**

On appeal, the district court's grant or denial of a motion for summary judgment is reviewed for correction of errors at law. Iowa R. App. P. 6.4; *Clark v. Estate of Rice ex rel. Rice,* 653 N.W.2d 166, 169 (Iowa 2002). Summary judgment is appropriate only when the record, viewed in the light most favorable to the non-moving party, shows that there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Parish v. Jumpking, Inc.,* 719 N.W.2d 540, 542–43 (Iowa 2006). To determine whether there is a genuine issue of material fact, the court examines the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits.

Iowa R. Civ. P. 237(c). Summary judgment is inappropriate if reasonable minds would differ on how the factual issue should be resolved. *Dickerson v. Mertz*, 547 N.W.2d 208, 212 (Iowa 1996).

### III. Discussion and Analysis.

This case reaches us on Pekin's appeal in advance of judgment from the district court's denial of its motion for partial summary judgment. The district court found that "reasonable minds could conclude that Carole Moore was located near the accident since she was arriving at the scene to pick up Anthony Moore from work, and was the first person to arrive at his side and render aid to him." It is undisputed, however, that Carole Moore did not see him fall from the car.

In *Barnhill v. Davis*, 300 N.W.2d 104, 106 (Iowa 1981), the Iowa Supreme Court first recognized the claim of bystander liability. Bystander liability allows a claim for emotional distress as a result of an injury to another. In *Barnhill*, we set out the elements of a bystander claim:

> (1) The bystander was located near the scene of the accident.
>
> (2) The emotional distress resulted from a direct emotional impact from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence.
>
> (3) The bystander and the victim were husband and wife or related within the second degree of consanguinity or affinity.
>
> (4) A reasonable person in the position of the bystander would believe, and the bystander did believe, that the direct victim of the accident would be seriously injured or killed.
>
> (5) The emotional distress to the bystander must be serious.

*Id.* at 108; *accord Pekin Ins. Co. v. Hugh,* 501 N.W.2d 508, 511 (Iowa 1993). In creating this test, we relied heavily upon the holding and rationale of *Dillon v. Legg,* 441 P.2d 912, 920 (Cal. 1968) (holding that the plaintiff could maintain a bystander claim for emotional distress even though he was not himself at risk of being harmed).

In articulating the elements of the bystander test, we defined the limits of liability to bystanders. *Barnhill,* 300 N.W.2d at 106. We noted that under tort law, "[a] defendant who acts negligently is only liable for injuries to others that are reasonably foreseeable." *Id.* (citing *Palsgraf v. Long Island R.R.,* 162 N.E. 99, 100 (N.Y. 1928)).

In this case, we are only asked to determine the scope of recovery under *Barnhill.* The only element at issue in Pekin's motion for summary judgment is whether Carole Moore's "emotional distress resulted from a direct emotional impact from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence." *Id.* at 108. Pekin argues that one who comes upon an injured family member but who did not witness the injury-producing event does not meet this element of the test. Carole Moore asserts that *Barnhill* separates emotionally distressed bystanders into two camps: those who learn of an accident from others after its occurrence and those who do not learn of the accident from others after its occurrence.

We addressed this issue in *Oberreuter v. Orion Industries, Inc.,* 342 N.W.2d 492, 494 (Iowa 1984) and again in *Fineran v. Pickett,* 465 N.W.2d 662, 663 (Iowa 1991). In *Fineran,* the victim was struck by an automobile while riding her bicycle. 465 N.W.2d at 663. Her father and sister were riding their bicycles some distance behind and arrived at the injury scene approximately two minutes after the collision. *Id.* They first

learned of the accident when they observed the victim lying in the roadway being attended to by another person, unconscious and appearing to be having a seizure. *Id.* The victim's mother and another sister arrived approximately five minutes later after being told of the accident. *Id.*

In *Fineran*, we stated:

> The criteria laid down in *Barnhill* make it clear that bystander recovery for emotional distress is strictly limited to situations which involve "witnessing peril to a victim," and which have produced emotional distress from "*sensory* and contemporaneous observance of the accident as contrasted with learning of the accident . . . after its occurrence." Unless we are to substantially depart from that requirement, the judgment of the trial court was clearly correct. As we recognized in *Roberts v. Bruns*, 387 N.W.2d 140 (Iowa 1986), the issue presented in situations of this kind "is one of legal causation, *i.e.*, whether the policy of the law will extend responsibility to those consequences which have in fact been produced by a particular event."

> Prior to our *Barnhill* decision, this court had not recognized a right to recover emotional distress damages under any circumstances in the absence of physical injury. We do not now dispute, and plaintiffs' arguments satisfactorily demonstrate, that emotional distress, often severe, will frequently befall members of the family of a severely injured person who do not meet the *Barnhill* requirements. We were not oblivious to this possibility in deciding that case. The requirement of "sensory and contemporaneous observance of the accident" was purposely adopted so as to not extend liability for emotional distress to all situations in which such damages are foreseeable. We opt to hold the line on this limitation.

*Id.* at 664.

We recognize that some courts allow recovery for bystander claims where the plaintiff does not actually witness the accident itself, but comes upon the scene soon afterwards, and witnesses the aftermath. *See, e.g., Gabaldon v. Jay-Bi Prop. Mgmt., Inc.*, 925 P.2d 510, 513 (N.M. 1996); *Bowen v. Lumbermens Mut. Cas. Co.*, 517 N.W.2d 432, 445 (Wis. 1994). We also recognize that *Barnhill* can be read to use the elements

set out in that case as mere guidelines to determine whether emotional distress is foreseeable. It is clear from *Fineran*, however, that this court has adopted a bright-line rule that family members who did not actually witness the accident are not entitled to emotional distress damages. *See, e.g., Thing v. La Chusa*, 771 P.2d 814, 827 (Cal. 1989) ("A 'bright line in this area of the law is essential.' ") (quoting *Elden v. Sheldon*, 758 P.2d 582, 588 (Cal. 1988)).

Further, despite Moore's assertion to the contrary, we have made no distinction between those who just came upon the scene of the accident and those who learned of the accident from others after its occurrence, as we have barred claims from both. *Fineran*, 465 N.W.2d at 664. The operative language is "the sensory and contemporaneous observance of the accident." The language "as contrasted with learning of the accident from others after its occurrence" does not create a separate class; it merely describes those who observed the accident.

The undisputed facts in this case show that Carole Moore did not observe the accident. Although we recognize that her grief may be as great or greater than one who observes the accident, the issue is whether this is a requirement under our case law. We find that it is. Partial summary judgment on Carole Moore's bystander liability claim should have been granted.

### IV. Disposition.

The district court erred in denying partial summary judgment to Pekin on Carole Moore's bystander claim for negligent infliction of emotional distress. We reverse the district court's summary judgment ruling and remand this case to the district court for entry of summary judgment in favor of Pekin on Carole Moore's claim.

**REVERSED AND REMANDED.**

All justices concur except Wiggins, J., who concurs specially.

**WIGGINS, Justice (concurring specially).**

I specially concur in the result, because Carole Moore only argues that *Barnhill v. Davis*, 300 N.W.2d 104 (Iowa 1981), and *Fineran v. Pickett*, 465 N.W.2d 662 (Iowa 1991), permitted her bystander claim, rather than urge we extend our holding in bystander liability cases to include persons who come on the scene of impact after the impact occurred and before the injured party is removed. *See* Dale Joseph Gilsinger, Annotation, *Immediacy of Observation of Injury as Affecting Right to Recover Damages for Shock or Mental Anguish from Witnessing Injury to Another*, 99 A.L.R.5th 301, 342–53 (2002) (citing decisions from other jurisdictions extending bystander liability to situations where the plaintiff arrives at the impact site after impact occurred and before the injured party is removed from the scene).