[No. B006810. Second Dist., Div. Two. May 30, 1985.]

*VICTOR SCHERR et al., Plaintiffs and Appellants, v.
HILTON HOTELS CORPORATION, Defendants and Respondents.

*Reporter's Note: This case was previously entitled "Scherr v. Las Vegas Hilton."

■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■

COUNSEL

Girardi, Keese & Crane, Timothy V. Milner and James B. Kropff for Plaintiffs and Appellants.

Shelden, Kulchin & Klein and David E. Klein for Defendants and Respondents.

OPINION

**COMPTON, J.**—Plaintiff, Karen Scherr, while watching television in Los Angeles on February 10, 1981, saw live news coverage of a fire at defendant's Las Vegas Hilton Hotel. Victor Scherr, plaintiff's husband, was a guest at the hotel at the time and suffered physical injuries in the fire. Together they brought the instant action against defendant Las Vegas Hilton. Mr. Scherr alleged personal injuries and property damage while Mrs. Scherr, in a separate cause of action, alleged negligent infliction of emotional distress. The court sustained defendant's demurrer to Karen Scherr's cause of action without leave to amend.[1] She appealed the subsequent dismissal of her cause of action. We affirm.

■ Plaintiff contends that as a third party bystander to her husband's injuries in the fire she was a foreseeable plaintiff and stated a cause of action within the parameters of *Dillon* v. *Legg* (1968) 68 Cal.2d 728 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316]. In that case the California Supreme Court set forth three now-familiar guidelines to be considered in determining whether the mental distress alleged by a bystander to an accident was reasonably foreseeable and therefore actionable. These are: (1) whether the bystander was located near the scene of the accident; (2) whether the bystander's shock resulted from a direct emotional impact upon him from the sensory and contemporaneous observance of the accident; and (3) whether the bystander and the accident victim were closely related. (*Dillon* v. *Legg, supra,* at pp. 740-741.) Defendant has conceded the last point, of course.

The court in *Dillon* expanded tort liability for emotional distress to include safely located bystanders, but it also acknowledged the necessity for limiting this otherwise potentially infinite liability which follows every negligent act. (*Dillon* v. *Legg, supra,* at p. 739; *Justus* v. *Atchison* (1977) 19 Cal.3d 564,

---

[1]Defendant did not demur to Victor Scherr's cause of action. We are therefore not concerned with his allegations. Reference to "plaintiff" in this opinion means Karen Scherr only.

582 [139 Cal.Rptr. 97, 565 P.2d 122].) It would surely be an unreasonable burden on all human activity if a defendant who has endangered one person were to be compelled to pay for the lacerated feelings of every other person disturbed by reason of it. (Prosser & Keeton on Torts (5th ed. 1984) p. 366.) What the *Dillon* court tried to do was recognize the severe and sudden shock that undoubtedly accompanies the perception of the infliction of traumatic physical injuries upon a loved one, without granting a right of recovery to every possible third party who might justifiably be upset over the injuries. Hence the desirability of a close relationship between bystander and accident victim, proximity of the bystander to the accident scene, and direct emotional impact upon the bystander from sensory and contemporaneous observation of the accident.

The trial court in the present case based its ruling partly on the theory that the television news broadcast which enabled plaintiff to view the fire acted as an intervening force that terminated any duty defendant may have owed to this or any other distant plaintiff. Plaintiff contends that this was error because intervening acts of third parties do not relieve a tortfeasor of liability if the third party's acts were reasonably foreseeable. (See *Vesely* v. *Sager* (1971) 5 Cal.3d 153, 163 [95 Cal.Rptr. 623, 486 P.2d 151].) And she argues that a news broadcast of a major hotel fire is entirely foreseeable or at least that its foreseeability is not resolvable as a matter of law at the demurrer stage. (See *Bigbee* v. *Pacific Tel. & Tel. Co.* (1983) 34 Cal.3d 49, 56 [192 Cal.Rptr. 857, 665 P.2d 947].)

As we see it, however, the intervention of television in this case, whether foreseeable or not, is a red herring. The effect of the broadcast is an issue closely related to the questions of whether plaintiff was located near the scene of the fire and whether her observation of the fire was sensory and contemporaneous. But the decisive question in this case is whether plaintiff, through whatever medium, received a sudden and severe shock by *actually* and *contemporaneously witnessing* not just the fire but the *infliction of injuries* upon her husband.

Plaintiff alleges, in her complaint, that the news broadcast she watched was "live." Arguendo, her perception of the hotel fire was therefore both sensory (visual) and contemporaneous. She gives short shrift, however, to the problem that the scenes conveyed to her via television included no view of her husband's injuries in the fire. How and when she discovered her husband's condition is not set forth in her pleading. It is clear, however, that she did not witness his injuries as they were being inflicted and therefore that she cannot plead that she suffered shock therefrom. The most she could have known by watching the news broadcast is that her husband was in danger. Her contention on appeal that there was a high probability that

he was being injured is an inadequate basis for her claim of shock and injury to her nervous system.

Plaintiff attempts to rectify this gap in her theory of liability by referring us to *Krouse* v. *Graham* (1977) 19 Cal.3d 59 [137 Cal.Rptr. 863, 562 P.2d 1022]. In that case the California Supreme Court held that *visual* perception of the impact causing death or injury is not required under *Dillon* v. *Legg, supra,* 68 Cal.2d 728. However, the court in *Krouse* went on to state that full perception of the injurious impact was nevertheless present in that case because the plaintiff bystander knew his wife's position an instant before the impact, observed defendant's vehicle approach her at high speed on a collision course, and realized that defendant's car must have struck her. (*Krouse* v. *Graham, supra,* at p. 76.) The bystander was thus a percipient witness to his wife's injuries at the time they occurred.

The present case is easily distinguishable. Plaintiff alleges she knew her husband was somewhere in the hotel at the time of the fire, but the element of certainty of injurious impact, present in *Krouse,* is missing here. Put simply, it is the contemporaneous perception of the *infliction* of *injury* on a closely related person that causes actionable emotional shock to a third party bystander. (See *Saunders* v. *Air Florida, Inc.* (D.C.Cir. 1983) 558 F.Supp. 1233, 1237.) Perception of endangerment, while potentially stressful, is insufficient to cause legally cognizable harm, for the stress has not yet ripened into disabling shock. (*Justus* v. *Atchison, supra,* at p. 585.)

To follow plaintiff's theory to its logical conclusion would be to permit recovery whether or not the husband was in fact injured. While it may be possible, as plaintiff has attempted to do here, to semantically construct a cause of action, such a result would do violence to reason and common sense—two characteristics which ought to govern all applications of the law.

The judgment is affirmed.

Roth, P. J., and Beach, J., concurred.