[No. G010192. Fourth Dist., Div. Three. July 29, 1991.]

PHILLIP K. FIFE et al., Plaintiffs and Appellants, v.
JENNIFER ASTENIUS, Defendant and Respondent.

## COUNSEL

Phillip K. Fife, in pro. per., for Plaintiffs and Appellants.

Hill, Genson, Even, Crandall & Wade and Peter J. Gates for Defendant and Respondent.

## OPINION

**SONENSHINE, Acting P. J.**—The parents and brothers of Meghan K. Fife appeal a summary judgment granted to Jennifer Astenius. ▮ The Fifes are seeking recovery for the alleged negligent infliction of emotional distress (hereafter NIED) caused when they heard a car crash and went to the street to discover Meghan had been injured. The Supreme Court's guidelines for recovery in *Thing* v. *La Chusa* (1989) 48 Cal.3d 644 [257 Cal.Rptr. 865, 771 P.2d 814] require a plaintiff's presence at the accident scene and an awareness that a relative is then being injured. The Fifes allege their perceptions of

the accident and Meghan's injuries were contemporaneous, within the *La Chusa* guidelines. We conclude they cannot recover for NIED because they did not know at the time the accident occurred that Meghan was being injured.

## I

Meghan was injured when the truck in which she was a passenger collided with another car. The accident occurred on the street directly behind Meghan's house. Her parents and three brothers, who were in the house at the time, heard the crash and saw debris fly above a wall which separated their yard from the street. Although none of the family members saw the accident, Meghan's father and brothers immediately went outside and, after climbing the wall, found Meghan still inside the truck. Meghan's mother remained in the house until one of her sons informed her that Meghan had been hurt.

Meghan's parents and brothers filed the underlying lawsuit alleging the negligence of the truck's driver, Jennifer Astenius, was a proximate and contributing cause of their emotional distress. They maintained she should have provided a seat belt for Meghan and insisted that she use it.[1] The trial court granted Astenius's motion for summary judgment.

## II

The court in *Thing* v. *La Chusa, supra,* 48 Cal.3d 644, refined the factors enunciated in *Dillon* v. *Legg* (1968) 68 Cal.2d 728 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316], concluding that "the societal benefits of certainty in the law, as well as traditional concepts of tort law, dictate limitation of bystander recovery of damages for emotional distress.  ▮  In the absence of physical injury or impact to the plaintiff himself [or herself], damages for emotional distress should be recoverable only if the plaintiff: (1) is closely related to the injury victim, (2) is present at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim and, (3) as a result suffers emotional distress beyond that which would be anticipated in a disinterested witness." (*Thing* v. *La Chusa, supra,* 48 Cal.3d 644, 647.)

A plaintiff must "contemporaneously perceive the injury-producing event and its traumatic consequences." (48 Cal.3d at p. 666.)  ▮  The Fifes argue their observance of Meghan's injuries was contemporaneous with their

---

[1]Because we affirm, we need not address Astenius's argument that she did not owe such a duty.

perception of the accident because the father and brothers rushed to the street and saw Meghan within seconds of hearing the impact.[2] They contend "contemporaneously" does not mean simultaneously, but rather within a short period of time.

If we were to accept the Fifes' definition of "contemporaneous observance," we would be regressing to the "ever widening circles of liability" *La Chusa* was trying to avoid. (*Thing* v. *La Chusa, supra,* 48 Cal.3d 644, 653.) *La Chusa* makes clear that recovery for NIED is possible only if a plaintiff is present at the scene of an accident and *is then aware* a family member is being injured. Recovery is precluded when a plaintiff perceives an accident but is unaware of injury to a family member until minutes or even seconds later.[3] Therefore, the Fifes, even if considered present at the scene, cannot recover because they did not know Meghan was involved in the accident at the time they heard the collision.[4]

Judgment affirmed. Respondent to receive costs on appeal.

Crosby, J., and Wallin, J., concurred.

---

[2]The Fifes allege they were present at the scene of the accident because they heard the collision. In *Krouse* v. *Graham* (1977) 19 Cal.3d 59 [137 Cal.Rptr. 863, 562 P.2d 1022], the Supreme Court held sensory perception of an accident could be sufficient to establish a plaintiff's presence at the scene; "visual" perception was not required. The facts of *Krouse,* however, show why the word "visual" appears in quotation marks. "It was sufficient that the [*Krouse*] plaintiff knew the position of his wife just outside the automobile in which he was seated the instant before she was struck by defendant's automobile which he had seen and realized was going to strike her. He was, therefore, a 'percipient witness to the impact causing [her] injuries.' [Citation.]" (*Thing* v. *La Chusa, supra,* 48 Cal.3d 644, 656.) That is not our situation.

*Krouse* further relied on *Archibald* v. *Braverman* (1969) 275 Cal.App.2d 253 [79 Cal.Rptr. 723], which allowed recovery without any perception of the actual injury-producing event. However, *Archibald* was disapproved in *La Chusa* because without any perception of an accident, the contemporaneous observance requirement cannot be met. (*Thing* v. *La Chusa, supra,* 48 Cal.3d 644, 668.)

[3]Justice Broussard notes in his dissenting opinion that "[u]nder the majority's strict requirement, a mother who arrives moments after an accident caused by another's negligence will not be permitted recovery." (48 Cal.3d at p. 684.)

[4]As a matter of law, the Fifes' alternative "zone of danger" argument is meritless.