[No. B197766. Second Dist., Div. Seven. Aug. 15, 2007.]

MICHELLE RA et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
PRESIDIO INTERNATIONAL INC., Real Party in Interest.

144

COUNSEL

Matthew C. Mickelson and Raymond Feldman for Petitioners.

No appearance for Respondent.

Bragg & Kuluva, Steven H. Yuster; Murchison & Cumming and Edmund G. Farrell III for Real Party in Interest.

OPINION

**PERLUSS, P. J.**—In *Thing v. La Chusa* (1989) 48 Cal.3d 644 [257 Cal.Rptr. 865, 771 P.2d 814] (*Thing*), the Supreme Court held only "closely related percipient witnesses" may seek damages for emotional distress caused by observing the negligently inflicted injury of a third person and specifically limited recovery to a plaintiff who "is present at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim." (*Id.* at pp. 667–668.)[1] Does the requirement of contemporary sensory awareness of the causal connection between the negligent conduct and the resulting injury limit recovery on a bystander claim to a plaintiff who clearly and distinctly perceived the injury being inflicted, or is recovery permitted for a plaintiff who was aware a traumatic event was occurring and believed it "more likely than not" her husband had been injured?

Michelle Ra was present in the retail store where her husband was seriously injured by a falling sign, knew his location in the store immediately before the accident, heard a loud crash emanate from that area and believed, as a result, it was "more likely than not" he had been injured, but did not

---

[1] For simplicity, we sometimes refer to a cause of action for negligent infliction of emotional distress to a bystander as a "bystander claim."

know with reasonable certainty her husband had been hurt until she turned and saw him immediately thereafter. Because these facts, even if proved at trial, do not support a bystander claim, the trial court properly granted Presidio International Inc.'s motion for summary adjudication as to Ra's third cause of action for negligent infliction of emotion distress to a bystander; and we deny Ra's petition for writ of mandate directing the trial court to vacate its order granting the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *The Accident*

In October 2004 Ra and her husband, Dr. Phil Jae Ra, were shopping in an Armani Exchange in Old Town Pasadena. Ra was looking at merchandise in the women's section while her husband examined the men's sweater display some 10 to 15 feet away. Ra was not facing her husband when she heard "a loud bang." The sound caused Ra "to fear for my own safety and that of my husband." In fact, a large, overhead store sign had fallen, striking Dr. Ra on the head. After hearing the loud bang, Ra turned in the direction of the noise and saw her husband with his hand to his head, bending at the knees and apparently in pain. Ra did not see the sign strike her husband, nor did she notice the sign on the ground after looking at her husband and walking toward him.

### 2. *The Ras' Lawsuit*

In September 2005 Dr. Ra and Ra sued Presidio, which owns Armani Exchange, for premises liability; negligent infliction of emotional distress to a bystander as to Ra, with a related claim by Dr. Ra for loss of consortium; and negligent infliction of emotional distress as to Ra as a direct victim in the zone of danger, also with a loss of consortium claim by Dr. Ra. In interrogatory responses Ra asserted, as a result of Presidio's negligence, she had suffered severe emotional distress caused both by the fear she had experienced for her own and her husband's safety as she heard the loud bang and by her observations of her husband in pain immediately following the accident and in the subsequent weeks as her husband's continuing headaches curtailed his work as a dentist and his leisure activities. Within 10 days of the incident Ra suffered a miscarriage, which she also attributed to the emotional distress caused by the accident.

### 3. *Presidio's Motion for Summary Adjudication on Ra's Bystander Claim*

After conducting substantial discovery, on December 8, 2006 Presidio moved for summary adjudication as to Ra's bystander claim, arguing Ra's

discovery responses established she was not aware of her husband's injuries at the time of the accident, but only learned afterward the overhead sign had fallen and struck him.[2] In deposition testimony submitted with Presidio's motion, Ra explained she was looking at the shelves in the women's section when she heard the loud sound and did not see the sign fall and strike her husband. In response to the question, "At that moment [you heard the sound], did you know your husband had been involved in any kind of accident; this is before you looked anywhere else?" Ra testified, "I was not sure if he was involved, but I knew the sound came from the direction—the part of the store he was in." In her response to a special interrogatory, Ra answered she "hear[d] a loud bang that caused me to fear for my own safety and that of my husband; immediately thereafter, in trying to see about the well-being of my husband . . . I could see something was wrong . . . ." However, because she was not looking down, but rather at her husband's head, Ra did not see the sign on the ground.

Presidio argued Ra's after-the-fact perception of her husband's injuries was insufficient as a matter of law for recovery on a bystander claim under *Thing*, which requires contemporaneous awareness of the injury and the injury-causing event. (See *Thing, supra*, 48 Cal.3d at p. 667 [articulating the necessary elements for recovery under a bystander claim].)

Ra opposed the motion, asserting that, in part, there was a triable issue of fact whether she was aware at the time she heard the loud sound that her husband was being injured. In a declaration filed with her opposition papers Ra disputed the significance of the deposition testimony upon which Presidio relied to negate her contemporary awareness of Dr. Ra's injury and the injury-producing event: "If I had been asked to clarify at my deposition, I would have stated, and I hereby do state, that although I had some doubt, I believed more likely than not when I heard the loud bang in the Armani store on 10-1-04 that my husband was involved in an accident. I believed this because when I heard the loud bang, I knew the sound came from where I knew my husband was located. Confirming this belief or knowledge I had that my husband was probably involved in an accident, I then immediately turned to look at my husband." Ra argued a "reasonable fear of possible injury," not absolute certainty as Presidio suggested, was sufficient to establish the contemporaneous awareness element of a bystander claim.

On February 27, 2007 the trial court granted Presidio's motion for summary adjudication, finding the evidence submitted—Ra's deposition, special

---

[2] Presidio also moved for summary adjudication regarding Ra's emotional distress claim as a direct victim in the zone of danger.

interrogatory responses and declaration—established she had not contemporaneously perceived the injury to her husband.[3]

### 4. *The Petition for Writ of Mandate*

Ra and Dr. Ra[4] filed a petition for writ of mandate directing the trial court to vacate its order granting the motion for summary adjudication on the bystander claim and to enter a new and different order denying the motion.[5] On March 29, 2007 we issued an order to show cause why the relief requested should not be granted and on April 20, 2007 stayed the trial on the Ras' remaining causes of action, then scheduled to begin on May 21, 2007.

## CONTENTION

Ra contends evidence she knew where her husband was within the Armani Exchange store, heard a loud bang from that area and simultaneously knew it was "more likely than not" her husband had been injured by the event generating the sound is sufficient to establish the element of contemporary sensory awareness for a cause of action for negligent infliction of emotional distress to a bystander.

---

[3] The trial court also granted Presidio's motion for summary adjudication with respect to Ra's separate emotional distress claim as a direct victim in the zone of danger, finding she did not have a well-founded fear of serious personal injury at the time she heard the loud noise some 15 feet away.

[4] Only a party "beneficially interested" in the order challenged may seek immediate appellate review by petition for writ of mandate. (Code Civ. Proc., §§ 1069, 1086; see *People ex rel. Dept. of Conservation v. El Dorado County* (2005) 36 Cal.4th 971, 986 [32 Cal.Rptr.3d 109, 116 P.3d 567] ["standing to seek a writ of mandate ordinarily requires that a party be 'beneficially interested' [citation]"]; see generally Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2006) ¶ 15:14, p. 15-11.) Ra's third cause of action for negligent infliction of emotional distress to a bystander also asserts a violation of Dr. Ra's separate primary right to be free of the loss of consortium resulting from the injury allegedly caused by Presidio's tortious act. Although Dr. Ra's "separate and distinct" claim for loss of consortium (see *Rodriguez v. Bethlehem Steel Corp.* (1974) 12 Cal.3d 382, 405 [115 Cal.Rptr. 765, 525 P.2d 669]) would be more properly pleaded as a separate cause of action, his claim is unquestionably dependent, legally as well as causally, on Ra's bystander claim. (See *Snyder v. Michael's Stores* (1997) 16 Cal.4th 991, 999 [68 Cal.Rptr.2d 476, 945 P.2d 781].) Accordingly, Dr. Ra is "directly and prejudicially affected" by the trial court's order granting summary adjudication as to Ra's bystander claim. (See *Burlingame v. Justice's Court* (1934) 1 Cal.2d 71, 75 [33 P.2d 669].)

[5] The trial court's order granting summary adjudication on the zone-of-danger cause of action is not challenged in the petition for writ of mandate.

## DISCUSSION

### 1. *Standard of Review*

We review the trial court's grant of summary judgment or summary adjudication de novo and decide independently whether the parties have met their respective burdens and whether facts not subject to triable dispute warrant judgment for the moving party or a determination a cause of action has no merit as a matter of law. (*Intel Corp. v. Hamidi* (2003) 30 Cal.4th 1342, 1348 [1 Cal.Rptr.3d 32, 71 P.3d 296]; *Lomes v. Hartford Financial Services Group, Inc.* (2001) 88 Cal.App.4th 127, 131 [105 Cal.Rptr.2d 471]; Code Civ. Proc., § 437c, subds. (c), (f)(1).)

### 2. *Governing Law*

■ In *Thing, supra,* 48 Cal.3d at pages 667 to 668, the Supreme Court held to recover for negligent infliction of emotional distress as a bystander the plaintiff must plead and prove he or she "(1) is closely related to the injury victim; (2) is present at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim; and (3) as a result suffers serious emotional distress—a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstances." (Fns. omitted.) The *Thing* court expressly disapproved suggestions in prior cases that a negligent actor is liable to all those "who may have suffered emotional distress on viewing or learning about the injurious consequences of his conduct," rather than on viewing the injury-producing event itself. (*Id.* at p. 668; see *Bird v. Saenz* (2002) 28 Cal.4th 910, 915–916 [123 Cal.Rptr.2d 465, 51 P.3d 324] [describing *Thing*'s three requirements as "mandatory" and "exclusive"].) "Greater certainty and a more reasonable limit on the exposure to liability for negligent conduct is possible by limiting the right to recover for negligently caused emotional distress to plaintiffs who personally and contemporaneously perceive the injury-producing event and its traumatic consequences." (*Thing,* at p. 666; see Judicial Council of Cal. Civ. Jury Instns. (2007) CACI No. 1621 [to establish claim for serious emotional distress as a result of perceiving injury or death to close relative, plaintiff must prove, "[t]hat [*name of plaintiff*] was present at the scene of the injury when it occurred and was aware that [*name of injury victim*] was being injured"].)

■ The second *Thing* requirement—that the plaintiff was a percipient witness to the traumatic incident and was contemporaneously aware the event was causing injury to the victim—does not require visual perception of an impact on the victim. "A plaintiff may recover based on an event perceived by other senses so long as the event is contemporaneously understood as

causing injury to a close relative." (*Bird v. Saenz, supra,* 28 Cal.4th at pp. 916–917; see *Krouse v. Graham* (1977) 19 Cal.3d 59, 76 [137 Cal.Rptr. 863, 562 P.2d 1022] (*Krouse*) [" 'sensory and contemporaneous observance' " does not necessitate visual perception].[6])

Although a plaintiff may establish presence at the scene through nonvisual sensory perception, "someone who hears an accident but does not then know it is causing injury to a relative does not have a viable [bystander] claim for [negligent infliction of emotional distress], even if the missing knowledge is acquired moments later." (*Bird v. Saenz, supra,* 28 Cal.4th at p. 910, fn. 3, citing with approval *Fife v. Astenius, supra,* 232 Cal.App.3d 1090 (*Fife*).) In *Fife* evidence a family had heard the sounds of a car collision, but did not realize a family member had been injured until they reached the scene of the accident moments later, was held insufficient to establish the second *Thing* requirement. (*Id.* at p. 1093.) Specifically, the court rejected the plaintiff's contention the element of "contemporaneous" awareness did not require proof of "simultaneous[]" awareness. (*Ibid.*) Thus, under controlling Supreme Court precedent the absence of "contemporaneous sensory awareness of the causal connection between the [injury-producing event] and the resulting injury" precludes recovery. (*Golstein v. Superior Court* (1990) 223 Cal.App.3d 1415, 1427 [273 Cal.Rptr. 270]; see also *Hathaway v. Superior Court* (1980) 112 Cal.App.3d 728 [169 Cal.Rptr. 435] [recovery denied when parents witnessed son's death " 'within moments' " of electrocution].)

3. *The Trial Court Properly Concluded Ra Was Not a Percipient Witness to, and Did Not Have Contemporaneous Awareness of, Her Husband's Injuries*

Analogizing her case to those of the plaintiffs in *Krouse, supra,* 19 Cal.3d 59 and *Wilks v. Hom, supra,* 2 Cal.App.4th 1264, Ra asserts the element of

---

[6] In *Krouse, supra,* 19 Cal.3d 59, the plaintiff was seated in the front seat of his car while his wife unloaded groceries from the back seat. A car approached from the rear and struck the wife, resulting in her death. Although the plaintiff did not see the car strike his wife, since "he knew [his wife's] position an instant before the impact, observed defendant's vehicle approach her at a high speed on a collision course, and realized that defendant's car must have struck her," the Supreme Court found him to be a percipient witness to the accident and therefore entitled to pursue a bystander claim. (*Id.* at p. 76 ["under such circumstances Benjamin must be deemed a percipient witness to the impact causing Elizabeth's catastrophic injuries"].) Although the Supreme Court in *Thing, supra,* 48 Cal.3d at page 656, suggested some of its language in *Krouse* was the root of the Courts of Appeal's uncertainty regarding the scope of the bystander claim, in limiting the nonexclusive guidelines for the tort it had articulated in *Dillon v. Legg* (1968) 68 Cal.2d 728 [69 Cal.Rptr. 72, 441 P.2d 912], the *Thing* court did not disapprove *Krouse*. (See *Wilks v. Hom* (1992) 2 Cal.App.4th 1264, 1270 [3 Cal.Rptr.2d 803]; *Fife v. Astenius* (1991) 232 Cal.App.3d 1090, 1093, fn. 2 [284 Cal.Rptr. 16]; see also *Adams v. City of Fremont* (1998) 68 Cal.App.4th 243, 318 [80 Cal.Rptr.2d 196] (dis. opn. of Kline, P. J.).)

contemporaneous sensory awareness of the injury-producing event and its traumatic consequences mandated by *Thing, supra*, 48 Cal.3d at pages 667 to 668, and *Bird v. Saenz, supra*, 28 Cal.4th at pages 915 to 916, can be satisfied by proof plaintiff perceived the accident, knew her close relative was at the site of the accident and believed at that time it was more likely than not the relative had been injured.[7] Neither case supports such an expansive interpretation of the contemporaneous awareness requirement.

In *Wilks* the court permitted recovery on a bystander claim asserted by a mother who, although she did not see or hear her daughters being harmed, was nonetheless aware an explosion she experienced (heard and felt) was simultaneously causing injury to her daughters: The mother knew her children's exact location in their bedrooms immediately before the explosion and their proximity to the origin of the blast and was personally propelled from the house by the explosion; she felt the walls moving, heard the windows being blown out and saw a bright flash emanate from one of her daughters' bedrooms. (*Wilks v. Hom, supra*, 2 Cal.App.4th at p. 1273.) In that instant the plaintiff-mother "personally and contemporaneously perceived the injury-producing event and its traumatic consequences." (*Ibid.*) Notwithstanding the mother's lack of visual or aural perception, she "instantly knew of the likely severe damage to the child." (*Id.* at p. 1271.)

Ra suggests her own contemporaneous awareness of Dr. Ra's location within the Armani Exchange store, the loud bang emanating from that part of the store and the likelihood of injury to Dr. Ra, like the mother's knowledge of "likely severe damage" to her children in *Wilks*, suffices to establish her bystander claim. However, *Wilks* used the word "likely" only to characterize the probable severity of the injuries being inflicted, not to suggest the plaintiff-mother had anything less than a reasonable certainty some significant injury was occurring to her children. Indeed, the court expressly stated the mother "was sensorially aware, in some important way, of the accident and the necessarily inflicted injury to her child." (*Wilks v. Hom, supra*, 2 Cal.App.4th at p. 1271.)

Similarly, in *Krouse, supra*, 19 Cal.3d 59, the plaintiff, who was sitting in the front seat of his automobile when another car struck his wife while she was unloading groceries from the back seat, did not see the accident. Nonetheless, the Supreme Court concluded the plaintiff "fully perceived the fact that [his wife] had been so struck" and "realized that defendant's car must have struck her." (*Id.* at p. 76.) Although based on nonvisual sensory perception, recovery in *Krouse*, as in *Wilks*, was clearly premised on the

---

[7] Ra concedes, with commendable candor, the extent of her knowledge at the time of the accident was that injury to her husband was "more likely than not" and does not purport to be able to prove she was reasonably certain he had been injured.

plaintiffs' reasonable certainty of injury.[8] Ra does not, and cannot, establish a similar degree of certainty regarding her contemporaneous awareness of her husband's injuries. (See *Scherr v. Hilton Hotels Corp.* (1985) 168 Cal.App.3d 908, 910–911 [214 Cal.Rptr. 393] [plaintiff's contemporaneous awareness, while watching live television broadcast of hotel fire, of "high probability" her husband was being injured in fire lacks required "element of certainty of injurious impact"; "it is the contemporaneous perception of the *infliction* of *injury* on a closely related person that causes actionable emotional shock to a third party bystander"]; *Hurlbut v. Sonora Community Hosp.* (1989) 207 Cal.App.3d 388, 397 [254 Cal.Rptr. 840] ["[t]here is an element of 'certainty of injurious impact' necessary to establish the requisite sensory perception of the injury-producing event"].)

Ra also refers to *Zuniga v. Housing Authority* (1995) 41 Cal.App.4th 82 [48 Cal.Rptr.2d 353] to support her contention a bystander claim may be premised on contemporaneous knowledge of "possible" or "likely" injury as a consequence of a traumatic event. In *Zuniga* the plaintiff arrived at a fire at his relatives' residence after the paramedics and fire department personnel were on the scene. Once there, he saw the residence engulfed in flames, as well as futile efforts to rescue the arson victims and extinguish the fire. However, while "the fire was still causing damage, and possibly still causing injury to his many relatives inside," the plaintiff witnessed the body of his daughter being carried from the house. (*Id.* at p. 103.) Thus, although the plaintiff in *Zuniga* may have simply feared for the safety of his child or other close relatives when he arrived at the scene, according to the allegations of the complaint he was contemporaneously aware of both the injury-producing event while it was still in progress and the death of his own child as a consequence of the fire. (*Ibid.*) Ra, in contrast, although aware by virtue of the loud bang that some traumatic event had occurred, did not clearly and distinctly perceive the injurious impact of the overhead sign falling until she looked in her husband's direction after the sign was already on the ground.[9]

---

[8] Absolute certainty may exist in mathematical proofs, but human perception necessarily involves mental organization and interpretation of sensory information, making absolute certainty unattainable in most instances. (See generally Goldstein, Sensation and Perception (7th ed. 2007) pp. 5–9 [perception is end result of several complex processes].) For purposes of our analysis, to perceive something clearly and distinctly is to be reasonably certain it has occurred, which is all that is needed to satisfy *Thing*'s second requirement.

[9] In her opposition to Presidio's motion for summary adjudication in the trial court, Ra asserted the evidence showed the noise that initially alerted her to the accident was continuing when she looked at her husband and thus she had visual confirmation of her husband's injuries while the traumatic cause of the injuries was in progress. (See *Ortiz v. HPM Corp.* (1991) 234 Cal.App.3d 178, 185 [285 Cal.Rptr. 728] [requirement of contemporaneous awareness satisfied by observation of event still in progress; *Thing*'s limitation "excludes those plaintiffs who come upon the scene *after* the event, and whose observation is solely of the consequences of the occurrence"].) Because this issue was not raised in her petition for writ of mandate, we do

■ In restricting bystander claims to "closely related percipient witnesses" (*Thing, supra,* 48 Cal.3d at p. 667), the Supreme Court explained "the traumatic emotional effect on the plaintiff who contemporaneously observes both the event or conduct that causes serious injury to a close relative and the injury itself" are the elements that "justify and simultaneously limit an award of damages for emotional distress." (*Ibid.*) It is the traumatic effect of the perception of the infliction of injury on a closely related person (whether visual or not) that is actionable, not the observation of the consequences of the occurrence or the contemporaneous perception of endangerment, which, "while potentially stressful, is insufficient to cause legally cognizable harm." (*Scherr v. Hilton Hotels Corp., supra,* 168 Cal.App.3d at p. 911; see *Ochoa v. Superior Court* (1985) 39 Cal.3d 159, 165, fn. 6 [216 Cal.Rptr. 661, 703 P.2d 1] ["[w]hile receiving news that a loved one has been injured or has died may cause emotional distress, it is the type of experience for which in a general way one is prepared, an experience which is common"].) Absent a reasonable certainty her husband was being injured by whatever caused the loud bang she heard, what Ra experienced at that time was simply fear. Although the emotional distress caused by that fear was no doubt real and substantial (as was the distress resulting from the subsequently acquired knowledge her husband had in fact been injured by the falling sign), it is not compensable in a bystander claim. (See *Fife, supra,* 232 Cal.App.3d at p. 1093 [strict adherence to *Thing*'s requirement of contemporaneous observation is necessary to avoid "regressing to the 'ever widening circles of liability' [*Thing*] was trying to avoid"].)

Indeed, if Ra's contemporaneous awareness of a traumatic event and her more-likely-than-not fear for the safety of her husband were sufficient to allow her to proceed to trial on her cause of action for negligent infliction of emotional distress—that is, if the stress caused by a reasonably based fear for a loved one occasioned by witnessing an accident were legally cognizable harm—there would appear to be no sound policy reason to deny recovery on the same basis to any percipient witness bystander who suffered severe emotional distress resulting from the reasonable fear a close relative had been injured by the negligent conduct of a defendant, whether or not the relative actually suffered any injury. Yet permitting bystander recovery when there is no direct victim defies common sense. (See *Scherr v. Hilton Hotels Corp., supra,* 168 Cal.App.3d at p. 911.)

■ In sum, Ra's fear for her husband's safety at the time she heard the loud bang emanating from the part of the store where she knew he was shopping and her belief the possibility of his injury was more likely than not are insufficient as a matter of law to establish contemporaneous awareness of

not address it here. (See *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979 [21 Cal.Rptr.2d 834] [not appellate court's function to address arguments not raised on appeal].)

her husband's injuries at the time of the injury-producing accident within the meaning of *Thing, supra*, 48 Cal.3d at pages 667 to 668 and *Bird v. Saenz, supra*, 28 Cal.4th at pages 915 to 916. Accordingly, the trial court properly granted summary adjudication in favor of Presidio on Ra's bystander claim.

## DISPOSITION

The petition for writ of mandate is denied. Presidio International Inc., is to recover its costs in these writ proceedings.

Johnson, J., and Woods, J., concurred.

Petitioners' petition for review by the Supreme Court was denied November 14, 2007, S156613.